IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORTEVA AGRISCIENCE LLC,** *et al.* | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO.  23-1059 |
| | : | |
| **INARI AGRICULTURE, INC.,** *et al.* | : | |

# ORDER

**AND NOW**, this 23rd day of September 2024, upon considering defendants' motion for certification for interlocutory appeal (DI 114), plaintiffs' opposition (DI 137), and defendants' reply (DI 138), it is **ORDERED** defendants' motion for certification for interlocutory appeal (DI 114) is **DENIED**.[1]

MURPHY, J.

---

[1] Inari asks us to certify several questions from our ruling on the motion to dismiss under 28 U.S.C. § 1292(b).  The statute requires us to find (i) "a controlling question of law" (ii) "as to which there is substantial ground for difference of opinion" and (iii) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.*  We agree with Inari that some of the questions raised in the motion to dismiss are debatable and important to the case, but it is simply too speculative at this stage.  We denied the motion to dismiss in part because the record requires development and it is not clear which issues will be "controlling."  Nor is it likely that an interlocutory appeal "may materially advance the ultimate termination of the litigation."  In our judgment, for the questions identified by Corteva, the most likely response from the Federal Circuit would be "it depends," and that is why it is not time for an appeal.  *See Jang v. Boston Sci. Corp.*, 767 F.3d 1334, 1339 (Fed. Cir. 2014) (declining jurisdiction because "[i]t is not clear that the legal issues identified in the questions will in fact be controlling, and each question depends on the resolution of factual issues not yet addressed by the district court").