IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORTEVA AGRISCIENCE LLC,                    )
PIONEER HI-BRED INTERNATIONAL,              )
INC. and AGRIGENETICS, INC.,                )
                                            )
                 Plaintiffs,                )
                                            )
       v.                                   )   C.A. No. 23-1059 (JFM)
                                            )
INARI AGRICULTURE, INC. and                 )
INARI AGRICULTURE NV,                       )
                                            )
                 Defendants.                )

**EXHIBIT A TO**
**INARI'S BRIEF IN RESPONSE TO ORDER D.I. 572**


OF COUNSEL:

Dimitrios T. Drivas
Raj S. Gandesha
Hallie Kiernan
Angelika Kligos
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10010
(212) 819-8200

Robert M. Isackson
Henry A. Gabathuler
Emily A. Rice
LEASON ELLIS LLP
One North Lexington Ave.
Suite 1200
White Plains, NY 10601
(914) 288-0022

June 12, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Megan E. Dellinger (#5739)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mdellinger@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*

# EXHIBIT A



## United States Patent and Trademark Office

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/970,573 | 01/08/2008 | Jianjun LIU | SDSD-00201-UUS | 3359 |

33794        7590        12/12/2014
MATTHIAS SCHOLL
1321 UPLAND DR.
SUITE 1319
HOUSTON, TX 77043

| EXAMINER |
|---|
| MARX, IRENE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1651 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/12/2014 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

USPTORECEIPT@GMAIL.COM
IPRECEIPT@GMAIL.COM

© 2026 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

PTOL-90A (Rev. 04/07)

USPTO, PTAB Final Decision, Ex parte Jianjun Liu, Appeal 2012-6661

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

Ex parte Jianjun Liu, Xiangying Zhao, Jiaxiang Zhang, Yanjun Tian, Yanlei Han, and Li Han

Appeal 2012-006661
Application *11/970,573*
Technology Center 1600

Before DONALD E. ADAMS, DEMETRA J. MILLS, and JEFFREY N. FREDMAN, *Administrative Patent Judges*
.

ADAMS, *Administrative Patent Judge*.

Decision On Appeal[1]

This appeal under **35 U.S.C. § 134** involves claims 11 and 12 (App. Br. 2).[2] Examiner entered rejections under the enablement provision of **35 U.S.C. § 112, first paragraph** and *35 U.S.C. § 1003(a)*. We have jurisdiction under **35 U.S.C. § 6(b)**.
We affirm.

## [*2] STATEMENT OF THE CASE

Claims 11 and 12 are reproduced below:

11. A biologically pure culture of *Bacillus subtilis* strain SFA-H31, wherein said strain has been deposited with the CGMCC and assigned accession number CGMCC No. 1869, and said strain has the 16S rDNA sequence of SEQ ID No. 1.

12. The biologically pure culture of *Bacillus subtilis* strain SFA-H31 of claim 11, wherein said strain efficiently transforms glucose to acetoin without contamination with diacetyl or 2, 3-butanediol.

Claims 11 and 12 stand rejected under the enablement provision of **35 U.S.C. § 112, first paragraph**.

Claims 11 and 12 stand rejected under **35 U.S.C. § 102(b)** as anticipated by or, in the alternative, under **35 U.S.C. § 103** as obvious over Lopez.[3]

***Enablement:***

**Bloomberg Law**®

© 2026 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

// PAGE 2

USPTO, PTAB Final Decision, Ex parte Jianjun Liu, Appeal 2012-6661

## ISSUE

Does the evidence of record support Examiner's conclusion that Appellants' Biological Material Deposit fails to meet the requirements of **37 C.F.R. §§ 1.801** -**1.809**?

## [*3] FACTUAL FINDINGS (FF)

FF 1. Liu declares that "[t]he *Bacillus subtilis* mutant strain SFA-H31 . . . was deposited in China General Microbiological Culture Collection (CGMCC), . . . has been accepted for deposit under the Budapest Treaty[,] . . . and will be made available to the public in accordance with the regulations set forth at **37C.F.R. § 1.806** " (Liu Dec.**4** ¶ 1).

FF 2. Liu declares that "Applicants acknowledge their duty to remove all restrictions on the dissemination of the deposited biological material upon the issue of a patent arising from the present application" (*id.* at ¶ 2).

FF 3. Examiner finds that "acknowledging [a] duty to remove all restrictions on the dissemination of the deposited biological material upon the issue of a patent arising from the present application does not fulfill the requirements of the . . . [Rule]," which requires, in part, "that ***all restriction on the availability to the public of the material so deposited will be irrevocably removed upon the granting of a patent***" (Ans. 6; *see also* **37 C.F.R. § 1.808(a)(2)**).

## ANALYSIS

The deposit on this record was made under the Budapest Treaty (FF 1). Examiner finds that Appellants' Deposit Declaration fails to account for the requirement in **37 C.F.R. § 1.808(a)(2)** that all restriction on the availability to the public of the material so deposited will be irrevocably removed upon the granting of a patent" (FF 3; *Cf.* FF 2). "[A]s the record now stands, if a patent were to issue without [A]ppellants making *the required statement that all restrictions on access to the deposit be irrevocably removed upon issuance of the patent*, there are no assurances **[*4]** that upon granting of a patent that the public will have access to the deposited strain[]." *Ex parte Hildebrand*, **15 USPQ2d 1662, 1663** (1990) (emphasis added).

We recognize, but are not persuaded by, Appellants' contention that "Appellants' declaration . . . has the required meaning of 'all restrictions on the availability to the public of the material so deposited will be irrevocably removed upon the granting of a patent" (Reply Br. 2; *see* App. Br. 5). Appellants' contention begs the question: If Declarant's acknowledgment has the required meaning of the words set forth in **37 C.F.R. § 1.808(a)(2)**, why didn't Declarant use the words required by the Rule?

In sum, we are compelled to agree with Examiner's rationale that an "'[acknowledgment of [a] duty to remove' cannot be equated with an actual averment to remove as required by the . . . [Rule]" (Ans. 6). In this regard, we acknowledge Examiner's suggestion for overcoming this rejection (Ans. 5-6).

**Bloomberg Law**®

© 2026 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

USPTO, PTAB Final Decision, Ex parte Jianjun Liu, Appeal 2012-6661

## CONCLUSION OF LAW

The evidence of record supports Examiner's conclusion that Appellants' Biological Material Deposit fails to meet the requirements of **37 C.F.R. §§ 1.801 -1.809**. The rejection of claim 11 under the enablement provision of **35 U.S.C. § 112, first paragraph** is affirmed. Claim 12 is not separately argued and falls with claim 11.

### *The rejection over Lopez*:

Does the preponderance of evidence on this record support Examiner's finding that Lopez anticipates or, in the alternative, makes obvious Appellants' claimed invention?

## [*5] FACTUAL FINDINGS (FF)

FF 4. Appellants' Specification discloses that the 16S rRNA gene of various *Bacillus subtilis* strains, while similar, have different lengths (Spec. ¶¶ 14 and 15).

FF 5. Examiner finds that Lopez "discloses a *Bacillus subtilis* strain which appears to be identical to the presently claimed strain . . . since it belongs to the same species *Bacillus subtilis* and produces acetoin from glucose efficiently" (Ans. 5).

FF 6. In the alternative, Examiner finds that

> [E]ven if the claimed microorganism is not identical to the referenced microorganism with regard to some unidentified characteristics, the differences between that which is disclosed and that which is claimed are considered to be so slight that the referenced microorganism is likely to inherently possess the same characteristics of the claimed microorganism particularly in view of the similar characteristics which they have been shown to share.

(Ans. 5.)

FF 7. Appellants' Specification discloses that "[t]he maximal yield of acetoin of [the claimed] *Bacillus subtilis* [strain] . . . can reach to over 55g/L utilizing glucose as raw material and the average acetoin yield on glucose is over 45%, the highest is up to 50%" (Spec. ¶ 34; *see* Ans. 8).

FF 8. "[T]he output or productivity of the strains of Lopez . . . has not been determined. . . . [N]o results are provided for acetoin production by" Lopez (Ans. 8).

## ANALYSIS

"[T]he PTO can require an applicant to prove that the prior art products do not necessarily or inherently possess the characteristics of his claimed product," when "the claimed and prior art products are identical or **[*6]** substantially identical, or are produced by identical or substantially identical processes." *In re Best*, **562**

© 2026 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

USPTO, PTAB Final Decision, Ex parte Jianjun Liu, Appeal 2012-6661

**F.2d 1252, 1255** (CCPA 1977). To do so, however, Examiner must provide a "sound basis for believing that the products of the applicant and the prior art are the same." *In re Spada*, **911 F.2d 705, 708** (Fed. Cir. 1990). On this record, Examiner has not met this burden (*Cf.* FF 6).

We recognize, but are not persuaded by, Examiner's assertion that the 16S rRNA sequence of Appellants' claimed *Bacillus subtilis* strain "is 100% *identical* to at least three other *B. subtilis*" (Ans. 8 (emphasis added)). Contrary to Examiner's assertion, the evidence of record establishes that the 16S rRNA of various *B. subtilis* strains may be 100% *similar*, but that this similarity may reflect a difference in the length of the various 16S rRNA sequences (FF 4). Simply stated, Examiner failed to establish an evidentiary basis on this record to support a finding or conclusion that Lopez's *B. subtilis* mutant has the same 16S rRNA required by Appellants' claimed invention.

Further, while Appellants' Specification discloses the acetoin yield for their *B. subtilis* strain when grown on glucose, Examiner recognizes that "no results are provided for acetoin production by" Lopez (FF 7; *Cf.* Ans. 8). Therefore, at best, Examiner has established that Lopez suggests at least one *B. subtilis* strain capable of transforming glucose to acetoin (FF 5). Examiner failed, however, to establish an evidentiary basis on this record to support a finding or conclusion that Lopez's *B. subtilis* strain(s) are capable of transforming glucose to acetoin as efficiently as Appellants' claimed *B. subtilis* strain (*see* FF 7; *Cf.* FF 8).

**[*7]** Taken together, Examiner has, at best, established that (1) all *B. subtilis* strains are expected to have some variant of a 16S rRNA and (2) Lopez discloses at least one *B. subtilis* strain that is capable of transforming glucose to acetoin with some unknown degree of efficiency (*see* FF 8). We are not persuaded that this is a sufficiently "sound basis for believing that the . . . [*B. subtilis* strain] of . . . [Appellants] and . . . [Lopez] are the same" *see Spada*, **911 F.2d at 708**.

## CONCLUSION OF LAW

The preponderance of evidence on this record fails to support Examiner's finding that Lopez anticipates or, in the alternative, makes obvious Appellants' claimed invention. The rejection of claims 11 and 12 under **35 U.S.C. § 102(b)** as anticipated by or, in the alternative, under **35 U.S.C. § 103** as obvious over Lopez is reversed.

## TIME PERIOD FOR RESPONSE

No time period for taking any subsequent action in connection with this appeal may be extended under **37 C.F.R. § 1.136(a)**.

## AFFIRMED

mp

© 2026 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

USPTO, PTAB Final Decision, Ex parte Jianjun Liu, Appeal 2012-6661

**fn**

1 Appellants are the Real Party in Interest (App. Br. 2).

**fn**

2 Pending claims 6-10 stand "withdrawn from consideration" (App. Br. 2).

**fn**

3 Juan López, et al., *Mutants of Bacilus subtilis Blocked in Acetoin Reductase*, 40 Eur. J. Biochem. 479-483 (1973).

**fn**

4 Declaration of Jianjun Liu, executed June 10, 2011.

Bloomberg Law®

© 2026 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

USPTO, PTAB Final Decision, Ex parte Jianjun Liu, Appeal 2012-6661

# General Information

| | |
|---|---|
| **Case Name** | Ex parte Jianjun Liu |
| **Date Filed** | Wed Dec 10 00:00:00 EST 2014 |
| **Citation** | DK:Appeal 2012-6661; DK:USPTO PTAB Appeal 2012-6661; USPTO PTAB Appeal 2012-6661; Appeal 2012-6661 |
| **Parties** | Jianjun Liu; Jiaxiang Zhang; Li Han; Xiangying Zhao; Yanjun Tian; Yanlei Han |

**Bloomberg Law**®

© 2026 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service