IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORTEVA AGRISCIENCE LLC, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | NO.   23-1059 |
| | : | |
| INARI AGRICULTURE, INC., *et al.* | : | |

## ORDER

**AND NOW**, this 29th day of June, 2026, upon considering the summary judgment and *Daubert* briefing, oral argument held May 29, 2026, our further order relating to the question of Corteva's experts testifying on Inari's mental state (DI 572), and Inari's supplemental briefing on that topic (DI 582, 583), it is **ORDERED**:

1. From reading Inari's supplemental brief and the attached emails, it appears that either we were insufficiently clear or Inari is choosing to maintain its original objection rather than cooperate with Corteva in clearing the objections consistent with the court's guidance.

2. To clarify and reiterate, we disagree with following statements from Inari's brief:

> There is no material difference between an expert testifying that "it is my opinion that Inari conducted phytosanitary testing of seeds from ATCC because it intended to export the seeds" and the expert testifying that "a company like Inari would conduct phytosanitary testing of seeds if it intended to export the seeds."
>
> . . .
>
> Nor is there any material difference between an expert testifying that "it is my opinion, based on the documents I have reviewed, that Inari intended to commercialize a product," which the parties agree would be improper, and the expert testifying that "the documents I have reviewed indicate that Inari planned to commercialize a product because the steps revealed in the document are consistent with those that a seed developer would typically take to bring a commercial product to market."  In both, the expert offers to the jury impermissible opinions about the defendant's state of mind, motives, and intent.

DI 582 at 4-5.  There is a significant difference, and it is one that is commonly recognized in trial practice for a wide variety of topics outside of patent law (e.g., police practices experts,

customs experts in contract cases).  It can be immensely helpful to the jury to hear an expert reference complex evidence against unfamiliar standards while expressly acknowledging that the conclusion about intent is in the jury's hands.  We thought our order made this clear but perhaps not.

3.     To the extent Inari is merely standing on its earlier objections, it is entitled; Inari's *Daubert* motion is denied without prejudice on this ground.  As Mr. Frischling correctly wrote in his email, "I think the difficulty with the way you have attempted to summarize our discussion is that you state a rule in a vacuum, rather than as applied."  DI 583-1 at 3 (ECF). The court has given Inari an answer at a level of generality commensurate with Inari's motion. That's all we can do here.  Now, our guidance in hand, Inari is free to re-raise objections at trial.

4.     We must observe that this dispute is a chip off the tip of the iceberg of work facing the parties to prepare a trial presentation in this case.  It's time to stop filing lengthy briefs about every quibble and start working together to frame the key factual disputes for the jury.

MURPHY, J.

2