IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORTEVA AGRISCIENCE LLC, | ) | |
| PIONEER HI-BRED INTERNATIONAL, | ) | |
| INC. and AGRIGENETICS, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-1059 (JFM) |
| | ) | |
| INARI AGRICULTURE, INC. and | ) | REDACTED - PUBLIC VERSION |
| INARI AGRICULTURE NV, | ) | |
| | ) | |
| Defendants. | ) | |

## INARI'S SUPPLEMENTAL BRIEF RELATING TO
## EXPERT TESTIMONY ON INTENT

OF COUNSEL:

Dimitrios T. Drivas
Raj S. Gandesha
Hallie Kiernan
Angelika Kligos
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10010
(212) 819-8200

Robert M. Isackson
Henry A. Gabathuler
Emily A. Rice
LEASON ELLIS LLP
One North Lexington Ave.
Suite 1200
White Plains, NY 10601
(914) 288-0022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Megan E. Dellinger (#5739)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mdellinger@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ......................................................................................................1

II.  NATURE AND STAGE OF THE PROCEEDINGS ......................................................1

III.  ARGUMENT........................................................................................................4

IV.  CONCLUSION......................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015)................................................................................................5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)..............................................................................................5, 6

*Gree, Inc. v. Supercell Oy*,
  C.A. No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550 (E.D. Tex. July 20, 2020)..................9

*Zimmer Surgical, Inc. v. Stryker Corp.*,
  365 F. Supp. 3d 466 (D. Del. 2019)................................................................................6

*Zuckerman Family Farms, Inc. v. Bidart Bros.*,
  C.A. No. 1:14-cv-01529-AWI-BAM, 2014 WL 7239423 (E.D. Cal. Dec. 17, 2014)...............6

## STATUTES AND RULES

7 U.S.C. § 2541(a) .............................................................................................................6

7 U.S.C. § 2544.................................................................................................................6

35 U.S.C. § 271(a) .............................................................................................................5

35 U.S.C. § 271(b) .............................................................................................................6

35 U.S.C. § 271(f)(2) ..........................................................................................................9

Fed. R. Evid. 402 ...............................................................................................................9

Fed. R. Evid. 403 ...............................................................................................................9

## I. INTRODUCTION

In its June 1, 2026 Order (D.I. 572), the Court required Corteva to consider the objections set forth in Inari's *Daubert* motion as to the opinions of Corteva's experts relating to Inari's purported state of mind and to develop a plan for the proposed expert testimony that would satisfy both sides. D.I. 572 at 1. The Court ordered the parties to meet and confer about Corteva's proposal and permitted Inari to file a brief outlining any remaining objections should the parties' meet and confer efforts fail. D.I. 572 at 2. The parties have met and conferred as to Corteva's proposal but were unable to resolve their dispute. Inari submits this supplemental brief setting forth its remaining objections to Corteva's proposed expert testimony. Like the opinions Inari challenged in its *Daubert* motion, Corteva's alternative proposal for the presentation of expert testimony as to Inari's purported state of mind runs afoul of the proscription on expert testimony as to a party's intent, which is a matter reserved for the jury. *See* Kiernan Declaration, Ex. A at 2 (June 19, 2026 email from G. Frischling). Corteva's alternative proposal for state-of-mind expert testimony also makes clear that such testimony is not relevant to any issue in the case, would confuse the jury and cause prejudice to Inari, and, therefore, is objectionable for additional reasons. The Court should exclude the opinions identified in Inari's *Daubert* motion for the reasons stated therein and as follows.

## II. NATURE AND STAGE OF THE PROCEEDINGS

Relevant to the issues addressed in this brief, Corteva's Second Amended Complaint (D.I. 148) accuses Inari of infringing and inducing ATCC to infringe the Asserted Patents by purchasing Corteva's patent deposit seeds in the United States, arranging for the corn seeds to be tested for pathogens whose presence would preclude their export from the United States to Belgium, and exporting the seeds to Belgium to combine them abroad with water, air, light, nutrients and physical support to grow plants. It also accuses Inari of infringing the Asserted PVP Certificates

by exporting the seeds to Belgium.

On October 29, 2025 and January 8, 2026, Corteva served Inari with the reports of its patent and PVP infringement experts, Drs. Dellaporta, Mikel and Wessler. In their reports, Corteva's infringement experts offer opinions as to Inari's purported knowledge, intent, and motive, opining, for example, that "Inari *knew* that ATCC's sale to Inari for what Inari *knew* to be *commercial purposes* was not authorized," that ███████████████████████████████████████ ███████████████████████████████████████████████████ and that "Inari's acquisition, export, and use, of Corteva's PVP-protected inbred varieties—████████ ████████████████████████████████████████—was for *commercialization purposes* in order to develop plant products (e.g., corn) for sale to compete with, among others, Corteva." *See* D.I. 540 at 37-39 (emphasis added); D.I. 540, Attachment A (emphasis added) (listing the specific opinions Inari challenges). Inari moved to exclude the proposed testimony concerning Inari's purported "knowledge," "plans" and "purposes" as improper state-of-mind opinions. D.I. 540 at 37-39, Attachment A.

In its June 1, 2026 Order, the Court stated that "an expert opinion on a party's intent in a civil case is usually beyond an expert's ken and usually confusing and unhelpful to the jury." D.I. 572 at 1. The Court noted that while experts, therefore, usually should not directly opine that "the defendant knew X" or "intended Y," they are often able to testify about "what a reasonable actor in the field would have understood, what the evidence would have signaled, or what departed from industry norms," and directed the parties to meet and confer as to a plan for expert testimony consistent with this logic that would be satisfactory to both sides. *Id.*

Prior to the parties' meet-and-confer, Corteva proposed in a June 8, 2026 communication to Inari that it would refrain at trial from asking its experts "'[i]s it your opinion that Inari knew X

or Y?' to solicit an ultimate opinion about what Inari knew or intended," and instead would "solicit opinions about what the evidence suggests to those with experience or knowledge in plant breeding, molecular genetics, etc.; how actors in those fields would ordinarily conduct business; whether particular evidence is consistent or inconsistent with a planned course of action or with such industry norms; and similarly framed questions." Ex. A at 6 (June 8, 2026 email from L. Moulton). In response, Inari informed Corteva that it needed to understand how Corteva believed its proposal would be implemented as to the specific opinions that Inari challenged in its *Daubert* motion and, in particular, what Corteva meant by testimony from its experts as to whether evidence is "consistent or inconsistent with a planned course of action" as this appeared to be the same type of testimony Inari challenged in its motion. Ex. A at 5 (June 15, 2026 email from H. Kiernan).

The parties met and conferred on June 17, 2026. During the conference, Corteva restated the position it outlined in its June 8 communication but did not address the specific opinions that Inari challenged in its *Daubert* motion. After the meet-and-confer, Inari asked Corteva to confirm that it would not seek to elicit from its experts at trial the specific testimony that Inari identified in Attachment A of its *Daubert* motion. Ex. A at 4 (June 18, 2026 email from R. Gandesha). Corteva declined. Instead, it provided the following examples of what it contends are appropriate lines of questioning with respect to the opinions reflected in Attachment A:

- "Q. Why would a company *like Inari* do phytosanitary testing of seeds from ATCC? A. If they *intended to export the seeds*."

- "Q. Looking at [Ex. X], to what extent, if at all, does this document indicate that Inari *planned to commercialize a product*? A. It indicates *that was their goal*. Q. Can you explain why? A. Yes, the steps reflected in [Ex. X] are the steps a seed developer typically would take to bring a commercial product to market."

3

Ex. A at 2 (June 19, 2026 email from G. Frischling) (emphasis added). Corteva contended that these lines of questions are appropriate because they are not phrased in the form of "is it your opinion that Inari had a plan to do X," but it conceded that such questions could be nonetheless characterized as relating to Inari's intent or plan to export or commercialize a product because they elicited testimony drawing an inference to the same effect. *Id*.

On June 24, 2026, Inari informed Corteva that it disagreed that such expert testimony is permissible or relevant to the issues in this case and that further briefing would be needed consistent with the Court's June 1, 2026 Order. Ex. A at 1 (June 24, 2026 email from R. Gandesha).

## III. ARGUMENT

Corteva's proposal for testimony by its experts as to Inari's purported state of mind remains objectionable for at least two fundamental reasons.

First, while the direct examination questions Corteva proposes do not take the syntactical form of "is it your opinion that Inari intended X?," which the parties agree is out-of-bounds, Corteva's alternative line of questioning is to the same effect, which is improper testimony about Inari's state of mind, as Corteva conceded in its June 19, 2026 correspondence. There is no material difference between an expert testifying that "it is my opinion that Inari conducted phytosanitary testing of seeds from ATCC because it intended to export the seeds" and the expert testifying that "*a company like Inari* would conduct phytosanitary testing of seeds *if it intended to export the seeds*." Both comprise testimony about intent that is beyond the ken of a technical expert in a civil case and are confusing and unhelpful to the jury. D.I. 572 at 1; *see also* D.I. 540 at 37-39 (collecting cases).

Nor is there any material difference between an expert testifying that "it is my opinion, based on the documents I have reviewed, that Inari intended to commercialize a product," which

the parties agree would be improper, and the expert testifying that "the documents I have reviewed indicate that *Inari planned to commercialize a product* because the steps revealed in the document are consistent with those that a seed developer would typically take to bring a commercial product to market." In both, the expert offers to the jury impermissible opinions about the defendant's state of mind, motives, and intent. Corteva's alternative proposal for the direct examination of its experts, therefore, does not adequately address the objections Inari raised in its *Daubert* motion to Corteva's experts' state-of-mind opinions. Corteva has not presented any other alternative plan for the presentation of state-of-mind related testimony that avoids the noted objections. Its proposed state-of-mind expert testimony, therefore, should be excluded on this ground alone.

Secondly, as was made clear during the meet and confer process on Corteva's alternative proposal for its contemplated testimony, the proposed state-of-mind testimony that Corteva seeks to elicit from its experts is not relevant to any issue in the case and will confuse the jury and be prejudicial to Inari. Intent is not an element of direct patent infringement under 35 U.S.C. § 271(a). The defendant's state of mind is, therefore, irrelevant to this theory of liability. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (direct infringement is a matter of strict liability as to which the accused infringer's state of mind is not relevant) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761, n.2 (2011)). Corteva contends that Inari directly infringed the Asserted Patents by subjecting the patent deposit seeds from ATCC to phytosanitary testing. The issue for the jury is whether such testing is an infringing *use* of the seeds. Inari's intent at the time is irrelevant to the inquiry. Expert testimony that Inari performed phytosanitary testing because it "intended to export the seeds," as in the example provided by Corteva (Ex. A at 2), is not relevant to whether the phytosanitary testing was an infringing use. A juror could be led to conclude that Inari's "intent to export" the seeds leads to a finding of infringement when the only issue is whether

the testing amounted to an infringing use of the seeds. Expert testimony as to Inari's purported purposes for testing the seeds, therefore, will not be helpful to the jury and will only serve to confuse the jury and prejudice Inari.

The same is true with respect to Corteva's claim that Inari infringed the Asserted PVP Certificates by exporting the ATCC seeds to Belgium. Intent is not an element of PVP infringement by export. *See* 7 U.S.C. § 2541(a) (enumerating as among the "acts" that constitute infringement "export [of the protected variety] from, the United States" with no reference to "intent"); *see also Zuckerman Family Farms, Inc. v. Bidart Bros.*, C.A. No. 1:14-cv-01529-AWI-BAM, 2014 WL 7239423, at *3 (E.D. Cal. Dec. 17, 2014) ("The PVPA is regularly discussed in terms of patent law and the Federal Circuit applies patent law to fill in the gaps in PVPA jurisprudence." (citing *Syngenta Seeds, Inc. v. Delta Cotton Co-op., Inc.*, 457 F.3d 1269, 1276 (Fed. Cir. 2006))). Nor is intent relevant to whether the PVP Act research and breeding exemption applies to the facts and circumstances here. *See* 7 U.S.C. § 2544 (exempting from infringement the *acts* of using and reproducing a protected variety for plant breeding or other bona fide research with no reference to "intent"). Expert testimony as to why Inari (or a company "like Inari") acquired and exported the seeds to Belgium is not relevant to Corteva's PVP infringement claims, will not be helpful to the jury on whether the acts actually performed by Inari constitute research and breeding, and risks juror confusion and prejudice to Inari. In any event, such testimony would merely substitute the expert's judgement for the jury's and would not be helpful. *Zimmer Surgical, Inc. v. Stryker Corp.*, 365 F. Supp. 3d 466, 497 (D. Del. 2019); *see also* D.I. 540 at 37-39.

While a defendant's state of mind is relevant to induced patent infringement under 35 U.S.C. § 271(b), the subjective element for induced infringement concerns the defendant's

6

knowledge that the induced acts constitute direct infringement. *Global-Tech*, 563 U.S. at 766. Here, however, Corteva's infringement experts propose to offer testimony at trial that goes far beyond the narrow inquiry relevant to induced infringement and relates to Inari's purported "plans" and "intent" to develop commercial products outside the United States, and its purported commercial "purposes" for purchasing and exporting the patent deposit seeds. Such testimony has no relevance to the question of whether Inari knew at the time of purchase that ATCC's sale of the patent deposit seeds would directly infringe the Asserted Patents, which, in any event, is a matter for the jury and not the proper subject of expert testimony. *See, e.g.*, *Gree, Inc. v. Supercell Oy*, C.A. No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550, at *2 (E.D. Tex. July 20, 2020) (excluding expert opinions relating to corporate defendant's subjective intent or beliefs relating to induced infringement because question of intent "is a classic jury question and not one for the experts").

A similar conclusion applies with respect to Corteva's patent infringement claims under 35 U.S.C. § 271(f)(2) based on export of a component of a patented invention. The only subjective elements applicable to a claim under Section 271(f)(2) are (i) whether the defendant had knowledge that a component of a patented invention was especially made or especially adapted for use in the invention and (ii) whether the defendant intended that the component would be combined outside of the United States in a manner that would infringe if such combination occurred in the United States. 35 U.S.C. § 271(f)(2). Intent to export for "commercial purposes" is not an element of an infringement claim under 35 U.S.C. § 271(f)(2). Corteva's proposed expert testimony that Inari exported the seeds to Belgium for "commercial purposes" is not relevant to the Section 271(f)(2) inquiry and will almost certainly confuse the jury as to the elements of Corteva's infringement claims.

Finally, Corteva's infringement experts do not purport to offer opinions related to

Corteva's claims that Inari breached the ATCC Material Transfer Agreements ("MTAs"). Their proposed state-of-mind testimony as to Inari's purported "plans" and "commercial purposes" would not, in any event, be relevant to those claims because the MTAs prohibit only certain defined "Commercial *Uses*" of "ATCC Material." Testimony as to what Inari purportedly "planned" or "intended" is irrelevant to whether any actual use by Inari of the ATCC seeds comprised a prohibited "Commercial Use" and would confuse the jury. The proposed state-of-mind testimony of Corteva's infringement experts is therefore independently objectionable and should be excluded under Fed. R. Evid. 402 and 403.

## IV. CONCLUSION

For the foregoing reasons and the reasons set forth in the briefing on Inari's *Daubert* motion, the Court should enter an order precluding Corteva's expert witnesses from offering testimony at trial relating to knowledge, intent and motive including the opinions identified in Attachment A of Inari's *Daubert* motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

OF COUNSEL:

Dimitrios Drivas
Raj S. Gandesha
John P. Scheibeler
Hallie Kiernan
Jongtae Jason Lee
Angelika Kligos
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020-1095
(212) 819-8200

Robert M. Isackson
Henry A. Gabathuler
Emily A. Rice
LEASON ELLIS LLP
One North Lexington Avenue, Suite 1200
White Plains, NY 10601
(914) 288-0022

June 26, 2026

Megan E. Dellinger (#5739)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mdellinger@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 26, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 26, 2026, upon the following in the manner indicated:

| | |
|---|---|
| Chad S.C. Stover, Esquire<br>Brian S.S. Auerbach, Esquire<br>BARNES & THORNBURG LLP<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Todd Vare, Esquire<br>BARNES & THORNBURG LLP<br>11 South Meridian Street<br>Indianapolis, IN  46204<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Ronald Cahill, Esquire<br>Heather B. Repicky, Esquire<br>BARNES & THORNBURG LLP<br>One Marina Park Drive, Suite 1530<br>Boston, MA  02210<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Lauren Baker, Esquire<br>BARNES & THORNBURG LLP<br>3340 Peachtree Road N.E., Suite 2900<br>Atlanta, GA  30326<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Peter Bicks, Esquire<br>Kim B. Goldberg, Esquire<br>Jordan B. Fernandes, Esquire<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY  10019-6142<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

David Gindler, Esquire	*VIA ELECTRONIC MAIL*
Lauren Drake, Esquire
Christopher Lynch, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA  90071-1596
*Attorneys for Plaintiffs*

Gary Frischling, Esquire	*VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA  90401
*Attorneys for Plaintiffs*

Carly Romanowicz, Esquire	*VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA  02116
*Attorneys for Plaintiffs*

Elizabeth Moulton, Esquire	*VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
*Attorneys for Plaintiffs*


*/s/ Megan E. Dellinger*

_____
Megan E. Dellinger (#5739)

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 2, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 2, 2026, upon the following in the manner indicated:

Chad S.C. Stover, Esquire  *VIA ELECTRONIC MAIL*
Brian S.S. Auerbach, Esquire
BARNES & THORNBURG LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Todd Vare, Esquire  *VIA ELECTRONIC MAIL*
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
*Attorneys for Plaintiffs*

Ronald Cahill, Esquire  *VIA ELECTRONIC MAIL*
Heather B. Repicky, Esquire
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA  02210
*Attorneys for Plaintiffs*

Lauren Baker, Esquire  *VIA ELECTRONIC MAIL*
BARNES & THORNBURG LLP
3340 Peachtree Road N.E., Suite 2900
Atlanta, GA  30326
*Attorneys for Plaintiffs*

Peter Bicks, Esquire  *VIA ELECTRONIC MAIL*
Kim B. Goldberg, Esquire
Jordan B. Fernandes, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
*Attorneys for Plaintiffs*

David Gindler, Esquire  VIA ELECTRONIC MAIL
Lauren Drake, Esquire
Christopher Lynch, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA  90071-1596
*Attorneys for Plaintiffs*

Gary Frischling, Esquire  VIA ELECTRONIC MAIL
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA  90401
*Attorneys for Plaintiffs*

Carly Romanowicz, Esquire  VIA ELECTRONIC MAIL
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA  02116
*Attorneys for Plaintiffs*

Elizabeth Moulton, Esquire  VIA ELECTRONIC MAIL
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
*Attorneys for Plaintiffs*

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)