Originally Filed:  June 26, 2026
Redacted Version Filed:  July 2, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORTEVA AGRISCIENCE LLC,                )
PIONEER HI-BRED INTERNATIONAL,          )
INC. and AGRIGENETICS, INC.,            )
                                        )
            Plaintiffs,                 )
                                        )
      v.                                )  C.A. No. 23-1059 (JFM)
                                        )
INARI AGRICULTURE, INC. and             )    REDACTED  - PUBLIC VERSION
INARI AGRICULTURE NV,                   )
                                        )
            Defendants.                 )

## DECLARATION OF HALLIE KIERNAN

I, HALLIE KIERNAN, declare the following:

1.      I am an attorney with the law firm White & Case LLP, counsel of record in this action for Inari Agriculture, Inc. and Inari Agriculture NV (collectively, "Inari").  I have personal knowledge of the facts set forth herein and, if called upon, could and would competently testify thereto under oath.

2.      I submit this declaration in support of Inari's Supplemental Brief Relating to Expert Testimony on Intent.

3.      Attached as Exhibit A is a true and correct copy of correspondence between Raj Gandesha and Gary Frischling, and other counsel of record, dated from June 8, 2026 to June 24, 2026.

I declare under penalty of perjury that the foregoing is true and correct.  This declaration was executed on the 26th day of June, 2026.

/s/ Hallie Kiernan
Hallie Kiernan

# EXHIBIT A

| | |
|---|---|
| **From:** | Gandesha, Raj |
| **To:** | Frischling, Gary; Kiernan, Hallie; Lee, Jason; Drivas, Dimitrios; Henry Gabathuler; Clark, Cameron; Josh Montgomery; Dellinger, Megan E.; Robert Isackson; Emily Rice; LeLitPara; Kligos, Angelika |
| **Cc:** | Inari-BT; Corteva-INARI |
| **Subject:** | RE: Corteva/Inari -- expert testimony on "intent" |
| **Date:** | Wednesday, June 24, 2026 5:50:00 PM |
| **Attachments:** | image002.png |

Dear Gary:

We disagree that the examples of direct examination you provide below differ materially from questions that take the form of "is it your opinion that Inari intended X?," which the parties agree are impermissible, because, as you acknowledge, the questions elicit materially the same answer, which is an inference by the expert as to Inari's state of mind.  This is the reason Inari believes Corteva's experts should not be permitted to offer the opinions we identified in Attachment A of our *Daubert* motion.  Your examples also highlight another problem with the proposed expert testimony, which is that it is not relevant to any infringement-related issue in the case.  Purported intent to export patent deposit seeds for commercial purposes is not relevant to any of the elements of the patent or PVP infringement claims for which Drs. Dellaporta, Mikel and Wessler offer opinions and would confuse the jury and cause prejudice to Inari.  For those reasons, Inari believes the challenged testimony is also subject to exclusion under Fed. R. Evid. 402 and 403.  It seems to us that the parties are at an impasse and that further briefing is necessary pursuant to the Court's June 1, 2026 Order (D.I. 572).

Finally, with respect to the penultimate paragraph of your email below, we disagree that Corteva's infringement experts have disclosed a basis in their expert reports for any putative opinions they might offer regarding how "actors" in the fields of "plant breeding, molecular genetics, etc." would "ordinarily conduct business" or "whether particular evidence is consistent or inconsistent with a planned course of action or with . . . industry norms," which Libby Moulton referenced in her June 8, 2026 email.  Inari reserves all rights to object at trial as to any expert opinion offered at trial by Corteva that exceeds the scope of an expert's Rule 26 disclosures or as to which they are not qualified to opine.

Regards,

Raj

---

**From:** Frischling, Gary <gfrischling@orrick.com>
**Sent:** Friday, June 19, 2026 9:34 PM
**To:** Gandesha, Raj <rgandesha@whitecase.com>; Kiernan, Hallie <hallie.kiernan@whitecase.com>; Lee, Jason <jason.lee@whitecase.com>; Drivas, Dimitrios <ddrivas@whitecase.com>; Henry Gabathuler <gabathuler@leasonellis.com>; Clark, Cameron <cclark@morrisnichols.com>; Josh Montgomery <montgomery@leasonellis.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Robert Isackson <isackson@leasonellis.com>; Emily Rice <rice@leasonellis.com>; LeLitPara <lelitpara@leasonellis.com>; Kligos, Angelika <angelika.kligos@whitecase.com>

**Cc:** Inari-BT <Inari-BT@btlaw.com>; Corteva-INARI <Corteva-INARI@orrick.com>
**Subject:** [EXT] Re: Corteva/Inari -- expert testimony on "intent"

Dear Raj,

I think the difficulty with the way you have attempted to summarize our discussion is that you states a rule in a vacuum, rather than as applied.  As I hope I conveyed in yesterday's call, Corteva is agreeable to framing questions about intent a step removed from the ultimate conclusion, such as asking what a reasonable actor in the field would have understood from given documents, conduct or statements of Inari, what the evidence would have signaled, what Inari's conduct, documents and/or statements signify with respect to industry norms (e.g., do they depart from norms),  if one in this industry were making a plan to do X what steps would you take (and did Inari take such steps), and similar sorts of questions.  Of course, sometimes that means the expert is effectively offering his or her views about what a reasonable industry actor in Inari's shoes would have intended, based on the expert's experience.

With that in mind, let me offer a couple of concrete examples that should illustrate the questioning we think would be appropriate with respect to the expert report passages flagged in Exhibit A to Inari's *Daubert* motion:

- "Q.  Why would a company like Inari do phytosanitary testing of seeds from ATCC?  A.  If they intended to export the seeds."   This in our view is entirely proper examination and testimony and we are not suggesting that we would agree to refrain from questions such as this even though they could be characterized as relating to Inari's intent or plan to export.

- "Q.  Looking at [Ex. X], to what extent, if at all, does this document indicate that Inari planned to commercialize a product?   A. It indicates that was their goal.  Q. Can you explain why?  A. Yes, the steps reflected in [Ex. X] are the steps a seed developer typically would take to bring a commercial product to market".   This too is fair game.  The expert is testifying to information contained in Inari's documents that support the inference of a plan to commercialize.  Notably, in this example we did not propose to ask "Is it your opinion Inari had a plan to do X."  But neither is there any problem asking the question as described above, even though it gets to the same underlying point.

We think questions such as the above are within the scope of what Judge Murphy described as appropriate both during the hearing and in the examples in his Order regarding supplemental briefing.

Finally, I do not think we can resolve questions about testimony being beyond the scope of expert reports in the abstract, with no actual questions posed or answers given. Nonetheless, I did want to underscore a point I made yesterday. In their expert reports, when Corteva's experts opine they believe Inari had a plan to do something, that summary introduction is then supported by the evidence and other reasoning supporting that conclusion (frequently many paragraphs or pages). You suggested yesterday that stating there was a "plan" in the reports would not constitute sufficient disclosure to have the expert answer questions such as outlined above. We disagree. The expert's opinion concerning the existence of a plan necessarily subsumes his or her opinion, based on experience and the evidence/reasoning cited in the report, that the facts would have signaled the existence of such a plan to one skilled in the field. Any specific objections about testimony beyond the scope of reports can be taken up at trial and/or pretrial, but I did not want to leave a suggestion in the record that we agree there is any deficiency in Corteva's expert reports.

Subject to the foregoing, it would appear we should be in agreement about the general form of questioning, while each reserving the right to object to specific questions at trial. Please let me know whether Inari sees this differently and believes further briefing is warranted.

Regards,

Gary


Get Outlook for Mac

**From:** Gandesha, Raj <rgandesha@whitecase.com>
**Date:** Thursday, June 18, 2026 at 11:01 AM
**To:** Frischling, Gary <gfrischling@orrick.com>; Kiernan, Hallie <hallie.kiernan@whitecase.com>; Moulton, Libby <emoulton@orrick.com>; Lee, Jason <jason.lee@whitecase.com>; Drivas, Dimitrios <ddrivas@whitecase.com>; Henry Gabathuler <gabathuler@leasonellis.com>; Clark, Cameron <cclark@morrisnichols.com>; Josh Montgomery <montgomery@leasonellis.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Robert Isackson <isackson@leasonellis.com>; Emily Rice <rice@leasonellis.com>; LeLitPara <lelitpara@leasonellis.com>; Kligos, Angelika <angelika.kligos@whitecase.com>
**Cc:** Inari-BT <Inari-BT@btlaw.com>; Corteva-INARI <Corteva-INARI@orrick.com>
**Subject:** RE: Corteva/Inari -- expert testimony on "intent"

[EXTERNAL]

Gary:

Thank you for taking the time to discuss Corteva's position with respect to expert testimony on Inari's intent, beliefs, and knowledge during the parties' June 17, 2026 meet and confer.  We write to confirm our understanding that Corteva agrees it will not seek to elicit testimony from its experts at trial as to Inari's intent, beliefs, or knowledge.  That is, Corteva will not ask questions of its experts such as "Is it your opinion that Inari knew X?" or "Is it your opinion that Inari intended Y?" to solicit an ultimate opinion about what Inari knew or intended.

Inari's position is that the specific intent-related opinions of Corteva's experts that Inari identified in Attachment A of its *Daubert* motion relating to intent fall within the proscription above.  Please confirm that Corteva agrees, or indicate the opinions that Corteva contends do not fall within the proscription.  Please provide Corteva's position no later than June 19, 2026 so that Inari can assess whether further briefing on the issue is necessary per the Court's June 1, 2026 Order (D.I. 572).

We appreciate that the exemplary questions provided by Corteva during the June 17, 2026 meet and confer and in its June 8, 2026 email on the topic are illustrative only and are not meant to limit in advance the nature of Corteva's direct examination of its experts at trial.  As discussed during the meet and confer, to the extent Inari believes that Corteva seeks to elicit an opinion from an expert the basis for which the expert has not provided adequate notice under FRCP 26 or as to which the expert is not qualified, Inari reserves all rights to object at trial.

Best regards,

Raj

---

**From:** Frischling, Gary <gfrischling@orrick.com>
**Sent:** Monday, June 15, 2026 5:55 PM
**To:** Kiernan, Hallie <hallie.kiernan@whitecase.com>; Moulton, Libby <emoulton@orrick.com>; Gandesha, Raj <rgandesha@whitecase.com>; Lee, Jason <jason.lee@whitecase.com>; Drivas, Dimitrios <ddrivas@whitecase.com>; Henry Gabathuler <gabathuler@leasonellis.com>; Clark, Cameron <cclark@morrisnichols.com>; Josh Montgomery <montgomery@leasonellis.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Robert Isackson <isackson@leasonellis.com>; Emily Rice <rice@leasonellis.com>; LeLitPara <lelitpara@leasonellis.com>; Kligos, Angelika <angelika.kligos@whitecase.com>
**Cc:** Inari-BT <Inari-BT@btlaw.com>; Corteva-INARI <Corteva-INARI@orrick.com>
**Subject:** [EXT] Re: Corteva/Inari -- expert testimony on "intent"

Hallie,

       I can speak on the 17th at 12:30 ET.

4

Regards,

Gary

---

Get Outlook for Mac

**From:** Kiernan, Hallie <hallie.kiernan@whitecase.com>
**Date:** Monday, June 15, 2026 at 1:16 PM
**To:** Moulton, Libby <emoulton@orrick.com>; Gandesha, Raj <rgandesha@whitecase.com>; Lee, Jason <jason.lee@whitecase.com>; Drivas, Dimitrios <ddrivas@whitecase.com>; Henry Gabathuler <gabathuler@leasonellis.com>; Clark, Cameron <cclark@morrisnichols.com>; Josh Montgomery <montgomery@leasonellis.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Robert Isackson <isackson@leasonellis.com>; Emily Rice <rice@leasonellis.com>; LeLitPara <lelitpara@leasonellis.com>; Kligos, Angelika <angelika.kligos@whitecase.com>
**Cc:** Inari-BT <Inari-BT@btlaw.com>; Corteva-INARI <Corteva-INARI@orrick.com>
**Subject:** RE: Corteva/Inari -- expert testimony on "intent"

**[EXTERNAL]**

Counsel,

Thank you for your email.  We would like to reach agreement on this issue, however, we would need to understand how Corteva believes this proposal would be implemented for the opinions that Inari challenged in Tab A to Inari's Motion to Exclude under *Daubert* and Rule 702.

We would also like to understand what Corteva means by eliciting testimony about whether evidence is "consistent or inconsistent with a planned course of action."  This seems to be the same as the type of testimony Inari sought to exclude in its motion and depending on Corteva's meaning may be objectionable for much the same reasons as described in Inari's motion.

For the avoidance of doubt, Inari does not agree that either party may elicit testimony beyond the scope of the opinions the experts have disclosed in their reports or depositions.

We are available Wednesday from 10:30-2 ET and 3-5 ET to discuss.  Please let us know if there is a time Corteva is available during those windows.

Best,
Hallie

**Hallie Kiernan**  |  Associate
**T**  +1 212 819 7576    **E**  hallie.kiernan@whitecase.com
White & Case LLP  |  1221 Avenue of the Americas  |  New York, NY 10020-1095

---

**From:** Moulton, Libby <emoulton@orrick.com>
**Sent:** Monday, June 8, 2026 12:33 PM
**To:** Gandesha, Raj <rgandesha@whitecase.com>; Kiernan, Hallie <hallie.kiernan@whitecase.com>; Lee, Jason <jason.lee@whitecase.com>; Drivas, Dimitrios <ddrivas@whitecase.com>; Henry

5

Gabathuler <gabathuler@leasonellis.com>; Clark, Cameron <cclark@morrisnichols.com>; Josh Montgomery <montgomery@leasonellis.com>; Dellinger, Megan E. <mdellinger@morrisnichols.com>; Robert Isackson <isackson@leasonellis.com>; Emily Rice <rice@leasonellis.com>; LeLitPara <lelitpara@leasonellis.com>
**Cc:** Inari-BT <Inari-BT@btlaw.com>; Corteva-INARI <Corteva-INARI@orrick.com>
**Subject:** [EXT] Corteva/Inari -- expert testimony on "intent"

Counsel:

Pursuant to the Court's June 1 order, we write regarding expert testimony on evidence of Inari's intent.  We expect that we can avoid the need for further briefing on the issue.

As the Court noted, testimony about "what a reasonable actor in the field would have understood, what the evidence would have signaled, or what departed from industry norms" is generally proper.  Corteva will therefore frame its examination of expert witnesses consistent with the Court's guidance.  That is, rather than asking "Is it your opinion that Inari knew X or Y?" to solicit an ultimate opinion about what Inari knew or intended, Corteva will agree to solicit opinions about what the evidence suggests to those with experience or knowledge in plant breeding, molecular genetics, etc.; how actors in those fields would ordinarily conduct business; whether particular evidence is consistent or inconsistent with a planned course of action or with such industry norms; and similarly framed questions.

We note that Inari's expert reports contain similar intent and knowledge statements to Corteva's. ███████████████████████████████████████████
███████████████████████████████████████████████

With agreement on these guidelines, we expect that the parties can address further objections live at trial or through objections to demonstratives (e.g., conforming the titles of slides to the Court's guidance in D.I. 572).

Please confirm your agreement or provide your availability to meet and confer.

Thank you,

**Libby Moulton**
Partner
Supreme Court and Appellate

Pronouns: she/her/hers

Orrick
San Francisco  Ⓥ
T 415-773-5673
M 612-720-9187
emoulton@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

============================================================================

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

============================================================================

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

============================================================================

This email communication is confidential and is intended only for the individual(s) or entity

named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

====================================================================
======

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 26, 2026, upon the following in the manner indicated:

Chad S.C. Stover, Esquire                                    *VIA ELECTRONIC MAIL*
Brian S.S. Auerbach, Esquire
BARNES & THORNBURG LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Todd Vare, Esquire                                           *VIA ELECTRONIC MAIL*
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
*Attorneys for Plaintiffs*

Ronald Cahill, Esquire                                       *VIA ELECTRONIC MAIL*
Heather B. Repicky, Esquire
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA  02210
*Attorneys for Plaintiffs*

Lauren Baker, Esquire                                        *VIA ELECTRONIC MAIL*
BARNES & THORNBURG LLP
3340 Peachtree Road N.E., Suite 2900
Atlanta, GA  30326
*Attorneys for Plaintiffs*

Peter Bicks, Esquire                                         *VIA ELECTRONIC MAIL*
Kim B. Goldberg, Esquire
Jordan B. Fernandes, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
*Attorneys for Plaintiffs*

3

David Gindler, Esquire                                      *VIA ELECTRONIC MAIL*
Lauren Drake, Esquire
Christopher Lynch, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA  90071-1596
*Attorneys for Plaintiffs*

Gary Frischling, Esquire                                    *VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA  90401
*Attorneys for Plaintiffs*

Carly Romanowicz, Esquire                                   *VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA  02116
*Attorneys for Plaintiffs*

Elizabeth Moulton, Esquire                                  *VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
*Attorneys for Plaintiffs*


                                        */s/ Megan E. Dellinger*
                                        _____
                                        Megan E. Dellinger (#5739)

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 2, 2026, upon the following in the manner indicated:

Chad S.C. Stover, Esquire                                    *VIA ELECTRONIC MAIL*
Brian S.S. Auerbach, Esquire
BARNES & THORNBURG LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE  19801
*Attorneys for Plaintiffs*

Todd Vare, Esquire                                           *VIA ELECTRONIC MAIL*
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
*Attorneys for Plaintiffs*

Ronald Cahill, Esquire                                       *VIA ELECTRONIC MAIL*
Heather B. Repicky, Esquire
BARNES & THORNBURG LLP
One Marina Park Drive, Suite 1530
Boston, MA  02210
*Attorneys for Plaintiffs*

Lauren Baker, Esquire                                        *VIA ELECTRONIC MAIL*
BARNES & THORNBURG LLP
3340 Peachtree Road N.E., Suite 2900
Atlanta, GA  30326
*Attorneys for Plaintiffs*

Peter Bicks, Esquire                                         *VIA ELECTRONIC MAIL*
Kim B. Goldberg, Esquire
Jordan B. Fernandes, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY  10019-6142
*Attorneys for Plaintiffs*

David Gindler, Esquire                                  *VIA ELECTRONIC MAIL*
Lauren Drake, Esquire
Christopher Lynch, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA  90071-1596
*Attorneys for Plaintiffs*

Gary Frischling, Esquire                                 *VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2-C
Santa Monica, CA  90401
*Attorneys for Plaintiffs*

Carly Romanowicz, Esquire                               *VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA  02116
*Attorneys for Plaintiffs*

Elizabeth Moulton, Esquire                              *VIA ELECTRONIC MAIL*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
*Attorneys for Plaintiffs*

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

2