IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CORTEVA AGRISCIENCE LLC, *et al.*  :  CIVIL ACTION
:
v.  :  NO.  23-1059
:
INARI AGRICULTURE, INC., *et al.*  :

## ORDER

**AND NOW**, this 31st day of July 2026, upon considering the attached email and documents, it is **ORDERED** counsel are reminded: "All requests and written communication with chambers should be made through an appropriate ECF filing. Requests for relief should almost always be made by motion. E-mail (murphy_chambers@paed.uscourts.gov) or other written communication is permitted only when directed or because of a scheduling emergency." Policies and procedures at 1. In the run-up to trial, counsel may correspond with chambers by email to coordinate scheduling or logistical issues, but otherwise, shall proceed on the record unless directed otherwise.

MURPHY, J.

| | |
|---|---|
| From: | Stover, Chad |
| To: | Murphy_Chambers; Kerri Christy |
| Cc: | Corteva-INARI; Inari-BT; Stover, Chad; W&C Corteva v. Inari; mdellinger@morrisnichols.com; cclark@morrisnichols.com; amy.wigmore@wilmerhale.com; Joseph.Mueller@wilmerhale.com |
| Subject: | Corteva v. Inari, C.A. No. 23-1059 (JFM) |
| Date: | Friday, July 31, 2026 1:32:45 PM |
| Attachments: | image001.png<br>[EXTERNAL] RE_ Corteva v. Inari CA. No. 23-1059 (JFM) - Corteva Letter Regarding Witness Designations.pdf<br>2026.07.30 Corteva Letter Regarding Witness Designations.pdf |

**CAUTION - EXTERNAL:**

Dear Judge Murphy,

Mindful that the Court's practice on discovery motions is to have formal motions, but given the upcoming trial date and intermediate deadlines, we wanted to bring the dispute reflected in the attached communications between the parties to the Court's immediate attention.

Corteva is happy to file a motion if that is the Court's preference and direction.

Respectfully,
Chad Stover

**Barnes & Thornburg**

**Chad S.C. Stover**, Partner
Direct: (302) 300-3474 | Email: Chad.Stover@btlaw.com
222 Delaware Ave, Suite 1200, Wilmington, DE 19801

Atlanta | Baltimore | Boston | Chicago | Dallas | Delaware | Denver | Florida | Indiana | Los Angeles | Michigan | Minneapolis
Nashville | New Jersey | New York | Ohio | Philadelphia | Phoenix | Raleigh | Salt Lake City | San Diego | Washington, D.C.

**CONFIDENTIALITY NOTICE:** This email and any attachments are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this message. If you have received this in error, please notify us immediately by return email and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

| | |
|---|---|
| **From:** | Gandesha, Raj |
| **To:** | Ortiz, Carmen; Kiernan, Hallie; Inari-BT; W&C Corteva v. Inari; mdellinger@morrisnichols.com; cclark@morrisnichols.com; amy.wigmore@wilmerhale.com; Joseph.Mueller@wilmerhale.com; LEInariLit@leasonellis.com |
| **Cc:** | Corteva-INARI |
| **Subject:** | [EXTERNAL] RE: Corteva v. Inari CA. No. 23-1059 (JFM) - Corteva Letter Regarding Witness Designations |
| **Date:** | Friday, July 31, 2026 11:57:22 AM |
| **Attachments:** | image007.png |
| | image008.png |
| | image001.png |



Peter:

This is in response to your letter of July 30, 2026.

Corteva has identified a total of 43 witnesses on its witness list. Inari has identified 40 witnesses. The majority of Inari's will-call witnesses comprise Corteva witnesses Inari will call by deposition designation unless Corteva makes them available live and third-party witnesses that both parties will call by designation. There is absolutely no prejudice to Corteva in preparing for trial as to witnesses Inari intends to call via deposition designation. The schedule to which the parties have agreed provides more than ample time for Corteva to provide its objections and counter-designations to Inari's designations of Corteva witnesses. Inari is free to use the time allocated to it at trial as it sees fit without interference by Corteva.

Catherine Feuillet was long ago identified on Inari's Paragraph 3 disclosures. In its initial disclosures, Inari incorporated by reference the individuals identified in its Paragraph 3 disclosures. Corteva has been in possession of those disclosures since at least May 10, 2024 and through discovery has received approximately 500 documents from Ms. Feuillet's files and approximately 1,500 documents that reference Ms. Feuillet, and yet Corteva chose not to pursue Ms. Feuillet's deposition. Inari is not responsible for Corteva's failure to take discovery. Nonetheless, Inari is willing to make Ms. Feuillet available for deposition before trial on a mutually convenient date.

Lisa Safarian is Inari's current CEO. Ms. Safarian joined Inari as CEO effective in November 2025, after fact discovery closed in this action. She has information relevant to the issues in this case and is prepared to testify concerning, among other things, the harm suffered by Inari through Corteva's lawsuit, Inari's lack of commercialization of any product that incorporates or is derived from any aspect of Corteva's IP, and Inari's business operations and commercial plans, all of which are relevant to the issues the jury must address in this case. As indicated in our communication of July 29, 2026, we are willing to work with Corteva on a date for Ms. Safarian's deposition in the months between now and trial. We note that Corteva's CEO, Chuck Magro, is listed as a witness that Corteva may call to testify at trial even though you went to great lengths to prevent Inari from taking discovery from him.

In view of the foregoing, we do not see a need to meet and confer at this point in time but we are happy to discuss deposition dates. We can be available on Monday or Tuesday to the extent Corteva would like to meet and confer.

Regards,

Raj


**Raj Gandesha** | Partner
T +1 212 819 8975    M +1 347 749 3803    E rgandesha@whitecase.com
White & Case LLP | 1221 Avenue of the Americas | New York, NY 10020-1095
WHITE & CASE


**From:** Ortiz, Carmen <cortiz@orrick.com>
**Sent:** Thursday, July 30, 2026 1:01 PM
**To:** Kiernan, Hallie <hallie.kiernan@whitecase.com>; Inari-BT@btlaw.com; W&C Corteva v. Inari <Corteva-Inari@whitecase.com>; mdellinger@morrisnichols.com; cclark@morrisnichols.com; amy.wigmore@wilmerhale.com; Joseph.Mueller@wilmerhale.com; LEInariLit@leasonellis.com
**Cc:** Corteva-INARI <Corteva-INARI@orrick.com>
**Subject:** [EXT] Corteva v. Inari CA. No. 23-1059 (JFM) - Corteva Letter Regarding Witness Designations

Counsel,

On behalf of Peter Bicks of Orrick Herrington & Sutcliffe, attached is the above referenced correspondence.

**Carmen E. Ortiz**
Executive Assistant
Orrick
New York  Ⓥ
T +1-212-506-5167
cortiz@orrick.com





---

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

========================================================================
===========

This email communication is confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this email in error by replying to the email or by telephoning +1 212 819 8200. Please then delete the email and any copies of it. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

========================================================================
===========



July 30, 2026

*Via Email*

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
orrick.com

Robert M. Isackson
Leason Ellis LLP
One Barker Avenue
White Plains, NY 10601

Peter A. Bicks

E  pbicks@orrick.com
D  +1 212 506 3742
F  +1 212 506 5151

Raj S. Gandesha
White & Case LLP
1221 Avenue of the Americas
New York, NY 10010

Megan E. Dellinger
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

Amy K. Wigmore
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington DC 20037

Joseph J. Mueller
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Re:    *Corteva Agriscience et al. v. Inari Agriculture Inc., et al.*, C.A. No. **23-1059-JFM**

Dear Counsel:

We write in response to Inari's witness list served on July 29, 2026.  Two issues require Inari's prompt attention:



July 30, 2026
Page 2

## Witness Count

Inari's list identifies 35 "will-call" witnesses, for a trial that the Court has allotted eight days, and which must provide time for the presentation of witnesses by both parties, not just Defendants. A witness list of this size is not workable within an 8-day trial. And in refusing to identify a reasonable number of witnesses that Inari actually will be able to call within the allotted trial time, Inari unnecessarily interferes with Corteva's ability to prepare for trial. The purpose of the early exchange of witness lists was to allow the parties to prepare for examination of the witnesses that actually will be called. By including 35 witnesses—including nearly every witness deposed in the case—as "will-call" witnesses, Inari has frustrated this purpose. Judge Murphy has encouraged the parties to work together to prepare this case for trial. We ask that Inari revisit its list and provide a reasonably-scoped witness list that more rationally reflects Inari's time available at trial by noon ET tomorrow.

## Undisclosed Witnesses

Inari's witness list also includes two individuals who do not appear on _any_ of Inari's Rule 26(a)(1) disclosures: Catherine Feuillet, identified as Inari's Chief Scientific Officer, and Lisa Nunez Safarian, identified as Inari's CEO and Board Director. Neither individual appears in Inari's March 27, 2024 Initial Disclosures or in Inari's August 4, 2025 Amended and Supplemental Initial Disclosures. It has been nearly ten months since the conclusion of fact discovery in this matter, five months since the close of expert discovery, two months since the conclusion of summary judgment briefing, and with trial less than two months away Inari has no justification for the belated and unexcused addition of these two witnesses into the matter. Should you not withdraw these witnesses, both will be subject to exclusion under Rule 37(c)(1), as Inari's failure to disclose these witnesses is not substantially justified or harmless. _See e.g._, _Stambler v. RSA Sec., Inc._, 212 F.R.D. 470 (D. Del. 2003); _Liqwd, Inc. v. L'Oreal USA, Inc._, No. CV 17-14-JFB-SRF, 2019 WL 7945247 (D. Del. June 25, 2019).



July 30, 2026
Page 3

*Catherine Feuillet*: Dr. Feuillet was not identified by Inari in its Initial Disclosures, which were extensively negotiated and relied upon in noticing depositions in this case. As Dr. Feuillet was never identified in Inari's Initial Disclosure, she was not deposed.[1]

*Lisa Nunez Safarian*: Ms. Safarian's absence from Inari's Initial Disclosures is equally problematic, particularly where this is the first time that Inari has *ever* even referenced Ms. Safarian as a relevant individual to this case. Ms. Safarian was announced as Inari's CEO in October 2025. It is difficult to imagine how Ms. Safarian could have information relevant to this case given this timing. Regardless, if Inari intended to call her as a trial witness, she should have been disclosed well before now. Inari's cover email offers to make Ms. Safarian available for a deposition at a mutually agreed date and time. But a deposition offered less than two months before trial is not an adequate substitute for timely disclosure. *See Liqwd, Inc. v. L'Oreal USA, Inc.*, No. CV 17-14-JFB-SRF, 2019 WL 7945247 (D. Del. June 25, 2019).

Accordingly, and to avoid needless motion practice, Corteva requests that Inari remove Dr. Feuillet and Ms. Safarian from its Witness List by noon ET tomorrow.

To the extent Inari does not agree to provide an updated Witness List that removes Dr. Feuillet and Ms. Safarian and lists a reasonable number of will-call witnesses by noon ET tomorrow, please provide your availability to meet and confer tomorrow afternoon.

Very truly yours,

Peter A. Bicks

---

[1] While Dr. Feuillet appears as a custodian in Inari's Disclosures pursuant to Paragraph 3, these disclosures serve an entirely different function than Rule 26(a)(1) witness disclosures. *Malone v. United Parcel Serv., Inc.*, No. 2:21-CV-03643-JDW, 2025 WL 3900805 (E.D. Pa. Oct. 16, 2025). Indeed, Inari's Paragraph 3 disclosures state that "[i]n identifying the following individuals, Inari does not represent that the individuals, in fact, have relevant documents in their possession, custody or control, nor that such individual should be subject to discovery in this case." Def.'s Disclosures Pursuant to Paragraph 3 of the Default Standard for Discovery (May 10, 2024).