**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CORTEVA AGRISCIENCE LLC, PIONEER HI-BRED INTERNATIONAL, INC. and AGRIGENETICS, INC., | ) | |
| Plaintiff, | ) | C.A. No. 23-1059 (JFM) |
| v. | ) | |
| INARI AGRICULTURE, INC. and INARI AGRICULTURE NV, | ) | |
| Defendants. | | |

**[CORTEVA'S PROPOSED] VERDICT FORM**

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Plaintiff" or "Corteva" refers to Plaintiffs Corteva Agriscience LLC, Pioneer Hi-Bred International, Inc. and Agrigenetics, Inc., collectively.

2. "Defendant" or "Inari" refers to Defendants Inari Agriculture Inc. and Inari Agriculture NV, collectively.

3. The "'246 patent" refers to U.S. Patent No. 7,956,246.

4. The "'434 patent" refers to U.S. Patent No. 8,575,434.

5. The "'363 patent" refers to U.S. Patent No. 8,680,363.

6. The "'522 patent" refers to U.S. Patent No. 8,283,522.

7. The "'378 patent" refers to U.S. Patent No. 8,901,378.

## PATENT INFRINGEMENT

**QUESTION 1:**

Did Corteva prove by a preponderance of the evidence that Inari infringed an asserted claim? You have been provided with the definition of each type of infringement (Direct or Export of a component) in the Final Jury Instructions. You must check "Yes" or "No" for each row of the chart.

"**Yes**" is a finding for **Corteva**.

"**No**" is a finding for **Inari**.

| Patent | Asserted Claim(s) | Type of Infringement | Yes | No |
|---|---|---|---|---|
| '434 patent | 1, 8, 14, 15 | Direct | | |
| | 2–6, 9 | Export of a component | | |
| '246 patent | 12, 13 | Direct | | |
| | 4, 10, 11 | Export of a component | | |
| '363 patent | 7, 9 | Export of a component | | |
| '522 patent | 2 | Export of a component | | |

**Proceed to the next page and answer Question 2.**

**QUESTION 2:[1]**

Did Inari prove by clear and convincing evidence that any of the following patent claims are invalid? Check "Yes" or "No" for each claim.

"**Yes**" is a finding for **Inari**.

"**No**" is a finding for **Corteva**.

| Patent, Claim | Yes | No | If yes, select the basis for invalidity |
|---|---|---|---|
| '434 patent, claim 1 | | | □ Obviousness |
| '434 patent, claim 2 | | | □ Obviousness |
| '434 patent, claim 3 | | | □ Obviousness |
| '434 patent, claim 4 | | | □ Obviousness |
| '434 patent, claim 5 | | | □ Obviousness |
| '434 patent, claim 6 | | | □ Obviousness |
| '434 patent, claim 7 | | | □ Obviousness |
| '434 patent, claim 8 | | | □ Obviousness |
| '434 patent, claim 9 | | | □ Obviousness |
| '434 patent, claim 10 | | | □ Obviousness |
| '434 patent, claim 11 | | | □ Obviousness |
| '434 patent, claim 12 | | | □ Obviousness |

[1] Given the number of claims and their relevance to distinct invalidity theories, it is appropriate to ask the jury to identify which theory applies, if any.

| | | | |
|---|---|---|---|
| ’434 patent, claim 13 | | | ☐ Obviousness |
| ’434 patent, claim 14 | | | ☐ Obviousness |
| ’434 patent, claim 15 | | | ☐ Obviousness |
| ’434 patent, claim 16 | | | ☐ Obviousness |
| ’434 patent, claim 17 | | | ☐ Obviousness |
| ’434 patent, claim 18 | | | ☐ Obviousness |
| ’434 patent, claim 19 | | | ☐ Obviousness |
| ’434 patent, claim 20 | | | ☐ Obviousness |
| ’434 patent, claim 21 | | | ☐ Obviousness |
| ’434 patent, claim 22 | | | ☐ Obviousness |
| ’434 patent, claim 23 | | | ☐ Obviousness |
| ’434 patent, claim 24 | | | ☐ Obviousness |
| ’434 patent, claim 25 | | | ☐ Obviousness |
| ’434 patent, claim 26 | | | ☐ Obviousness |
| ’246 patent, claim 1 | | | ☐ Obviousness<br>☐ Enablement |
| ’246 patent, claim 2 | | | ☐ Obviousness |
| ’246 patent, claim 3 | | | ☐ Obviousness<br>☐ Enablement |

| | | | |
|---|---|---|---|
| ’246 patent, claim 4 | | | ☐ Obviousness |
| ’246 patent, claim 5 | | | ☐ Obviousness |
| ’246 patent, claim 6 | | | ☐ Obviousness<br>☐ Enablement |
| ’246 patent, claim 7 | | | ☐ Obviousness |
| ’246 patent, claim 8 | | | ☐ Obviousness |
| ’246 patent, claim 9 | | | ☐ Obviousness |
| ’246 patent, claim 10 | | | ☐ Obviousness |
| ’246 patent, claim 11 | | | ☐ Obviousness |
| ’246 patent, claim 12 | | | ☐ Obviousness |
| ’246 patent, claim 13 | | | ☐ Obviousness |
| ’246 patent, claim 14 | | | ☐ Obviousness |
| ’363 patent, claim 1 | | | ☐ Obviousness |
| ’363 patent, claim 2 | | | ☐ Obviousness |
| ’363 patent, claim 3 | | | ☐ Obviousness |
| ’363 patent, claim 4 | | | ☐ Obviousness |
| ’363 patent, claim 5 | | | ☐ Obviousness |
| ’363 patent, claim 6 | | | ☐ Obviousness |

| | | | |
|---|---|---|---|
| ’363 patent, claim 7 | | | ☐ Obviousness |
| ’363 patent, claim 8 | | | ☐ Obviousness |
| ’363 patent, claim 9 | | | ☐ Obviousness |
| ’522 patent, claim 1 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 2 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 3 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 4 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 5 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 6 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 7 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 8 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 9 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 10 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 11 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 12 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 13 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |
| ’522 patent, claim 14 | | | ☐ Obviousness<br>☐ Written Description<br>☐ Enablement |

| | | | |
|---|---|---|---|
| ’378 patent, claim 1 | | | □ Enablement |
| ’378 patent, claim 2 | | | □ Enablement |
| ’378 patent, claim 3 | | | □ Enablement |
| ’378 patent, claim 4 | | | □ Enablement |
| ’378 patent, claim 5 | | | □ Enablement |
| ’378 patent, claim 6 | | | □ Enablement |
| ’378 patent, claim 7 | | | □ Enablement |
| ’378 patent, claim 8 | | | □ Enablement |

**Proceed to the next page.**

**Answer Questions 3 and 4 only if** you:

A. Answered "**YES**" for **any** claim in Question 1, which means you found at least one claim is infringed,

AND

B. Answered "**NO**" for any of those **SAME CLAIM(S)** in Question 2, which means you found that same claim or claims not invalid.

Otherwise, **DO NOT** answer Questions 3 and 4, and instead please proceed to Question 5 (PVPA Infringement).

**QUESTION 3:**

What amount of damages has Corteva proven, by a preponderance of the evidence, that it is entitled to as a reasonable royalty for Inari's infringement?

Answer: $ ___________________________

**If you answered Question 3, you must answer Question 4.**

**If you did not answer Question 3, do not answer Question 4.**

**QUESTION 4:**

Did Corteva prove by a preponderance of the evidence that Inari's infringement of any claim was willful?

Check "**All"** if Corteva proved that Inari's infringement was willful as to all claims you marked "Yes" in Question 1.

Check "**None"** if Corteva failed to prove that Inari's infringement of any claim was willful.

Check "**Some"** if Corteva proved that Inari's infringement was willful as to only some of the claims you marked "Yes" in Question 1 and identify those patent and claim numbers in the space provided.

**All:** _______ **None**: _____ **Some**: ______

**If you checked "Some," specify which claims you found were willfully infringed**:

_______________________________________________________________

**Proceed to Question 5.**

## PVPA INFRINGEMENT

**QUESTION 5:**

Did Corteva prove by a preponderance of the evidence that Inari infringed each of the asserted PVP certificates? The asserted PVP certificates are listed in Appendix A and Appendix B in your juror notebook.

"**Yes**" is a finding for **Corteva**.

"**No**" is a finding for **Inari**.

**Yes** _______

**No** _______

**Proceed to Question 6.**

## BREACH OF CONTRACT

**QUESTION 6:**

Did Corteva prove by a preponderance of the evidence that Inari breached the MTA?

"**Yes**" is a finding for **Corteva**.

"**No**" is a finding for **Inari**.

**Yes** _______

**No** _______

**If you answered "Yes" to Question 6, proceed to Question 7.**
**If you answered "No" to Question 6, proceed to Question 10.**

**QUESTION 7:**[2]

Did Corteva prove by a preponderance of the evidence that Corteva is a third-party beneficiary of the MTA?

"**Yes**" is a finding for **Corteva**.

"**No**" is a finding for **Inari**.

**Yes** _______

**No** _______

**If you answered "Yes" to Question 7, proceed to Question 8.**
**If you answered "No" to Question 7, proceed to Question 10.**

[2] Corteva contends that third-party beneficiary status is a question of law for the Court to resolve in the pre-trial order. Corteva includes this Question in case the Court does not resolve the issue.

**<u>QUESTION 8</u>:**

Did Corteva prove by a preponderance of the evidence that it suffered damages caused by Inari's breach?

"**Yes**" is a finding for **Corteva**.

"**No**" is a finding for **Inari**.

**Yes** _______

**No** _______

**If you answered "Yes" to Question 8, proceed to Question 9.**
**If you answered "No" to Question 8, proceed to Question 10.**

**<u>QUESTION 9:</u>**

What amount of damages did Corteva prove by a preponderance of the evidence was caused by Inari's breach?

Answer: $ ___________________________

**Proceed to Question 10.**

## UNFAIR OR DECEPTIVE BUSINESS PRACTICES

**QUESTION 10:**

Did Corteva prove by a preponderance of the evidence that Inari engaged in unfair or deceptive business practices?

"**Yes**" is a finding for **Corteva**.

"**No**" is a finding for **Inari**.

**Yes** _______

**No** _______

**If you answered "Yes" to Question 10, proceed to Question 11.**
**If you answered "No" to Question 10, proceed to Question 14.**

**QUESTION 11:**

What amount of money did Corteva prove by a preponderance of the evidence would be adequate to compensate it for the harm caused by Inari's unfair or deceptive business practices?

Answer: $ ___________________________

**If you answered Question 11, please answer Question 12.**

**QUESTION 12:**

Did Corteva prove by a preponderance of the evidence that Inari's unfair or deceptive acts were knowing or willful?

"**Yes**" is a finding for **Corteva**.

"**No**" is a finding for **Inari**.

**Yes** _______

**No** _______

**If you answered "Yes" to Question 12, proceed to Question 13.**
**If you answered "No" to Question 12, proceed to Question 14.**

**QUESTION 13:**

What amount of money do you award Corteva as a result of Inari's knowing or willful unfair or deceptive act or practice? (You are instructed to award not less than twice, nor more than three times the amount you awarded in response to Question 7).

Answer: $ __________________________

**Proceed to Question 14.**

## **<u>CONVERSION</u>**

**<u>QUESTION 14:</u>**

Did Corteva prove by a preponderance of the evidence that Inari converted Corteva's property?

"**Yes**" is a finding for **Corteva**.

"**No**" is a finding for **Inari**.

**Yes** _______

**No** _______

**If you answered "Yes" to Question 14, proceed to Question 15.**
**If you answered "No" to Question 14, proceed to the final page of the verdict form.**

**<u>QUESTION 15:</u>**

What amount of money damages did Corteva prove by a preponderance of the evidence were caused by Inari's conversion?

Answer: $ ___________________________

**Proceed to the final page of the verdict form.**

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your unanimous determinations. Each juror should then sign the Verdict Form in the spaces below. The foreperson should date the Form and notify the Court Security Officer that you have reached a unanimous verdict.

The foreperson should retain possession of the Verdict Form and bring it when the jury is brought back into the courtroom.

______________________________ ______________________________

______________________________ ______________________________

______________________________ ______________________________

______________________________ ______________________________

Dated: ____________