# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CORTEVA AGRISCIENCE LLC, PIONEER HI-BRED INTERNATIONAL, INC., and AGRIGENETICS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>INARI AGRICULTURE, INC. and INARI AGRICULTURE NV,<br><br>Defendants. | C.A. No. 23-1059 (JFM) |

**EXHIBIT 2 TO THE PROPOSED FINAL PRETRIAL ORDER**
**CORTEVA'S STATEMENT OF ISSUES OF FACT**
**THAT REMAIN TO BE LITIGATED**

Pursuant to Local Rule 16.3(c)(4), Corteva respectfully submits the following Statement of Issues of Fact that Remain to be Litigated. To the extent this Court deems an issue one of fact rather than of law, or vice versa, it should be so considered. Corteva reserves the right to revise, amend, supplement, or modify its statement of facts based upon any pretrial ruling by the Court and/or to address any additional issues, arguments, evidence, or other developments in the case, including edits to the draft pretrial order, any meet-and-confers or other negotiations between the parties, pending and anticipated motions, and similar developments. By including a legal issue herein, Corteva does not assume the burden of proof or production with regard to the issue.

The following statement of issues of fact is not exhaustive and Corteva reserves the right to prove any matters identified in the pleadings, interrogatory responses, contentions, and/or expert reports.

# I. PATENT INFRINGEMENT

## A. Infringement of the ’434 Patent

### 1. Infringement Under 35 U.S.C. § 271(a)

1. Whether Inari, through the control and direction of IE-SCS and Iowa State University, used PTA-11506 seeds comprising corn event DP-4114 in phytosanitary testing conducted at Iowa State University, without authority, to infringe claims 1, 8, and 14-15 of the ’434 patent under 35 U.S.C. § 271(a).

### 2. Infringement Under 35 U.S.C. § 271(b)

2. Whether Inari infringed claims 1, 8, and 14-15 of the ’434 patent under 35 U.S.C. § 271(b) by inducing ATCC to sell or otherwise transfer, without authority, PTA-11506 seeds comprising corn event DP-4114 to Inari for commercial use, with knowledge of the ’434 patent and with knowledge that such sale or transfer would infringe the ’434 patent.

### 3. Infringement Under 35 U.S.C. § 271(f)(2)

3. Whether Inari infringed claims 2-6 and 9 of the ’434 patent under 35 U.S.C. § 271(f)(2) by, without authority, exporting or causing to be exported from the United States to Belgium PTA-11506 seeds with the intent to combine those seeds with water, light, air, and nutrients to grow plants comprising corn event DP-4114.

4. Whether a PTA-11506 seed is a component of a plant grown from that seed.

5. Whether a cell from a PTA-11506 seed is a component of a plant grown from that seed.

6. Whether an organelle from a PTA-11506 seed is a component of a plant grown from that seed.

7. Whether DNA from a PTA-11506 seed is a component of a plant grown from that seed.

8. Whether corn event DP-4114 from a PTA-11506 seed is a component of a plant grown from that seed.

**B. Infringement of the ’246 Patent**

**1. Infringement Under 35 U.S.C. § 271(a)**

9. Whether Inari, through the control and direction of IE-SCS and Iowa State University, used PTA-11384 seeds in phytosanitary testing conducted at Iowa State University, without Corteva’s authority, to infringe claims 12-13 of the ’246 patent under 35 U.S.C. § 271(a).

**2. Infringement Under 35 U.S.C. § 271(b)**

10. Whether Inari infringed claims 12-13 of the ’246 patent under 35 U.S.C. § 271(b) by inducing ATCC to sell or otherwise transfer, without authority, PTA-11384 seeds comprising corn event DAS-59122 to Inari for commercial use, with knowledge of the ’246 patent and with knowledge that such sale or transfer would infringe the ’246 patent.

**3. Infringement Under 35 U.S.C. § 271(f)(2)**

11. Whether Inari infringed claims 4 and 10-11 of the ’246 patent under 35 U.S.C. § 271(f)(2) by, without authority, exporting or causing to be exported from the United States to Belgium PTA-11384 seeds with the intent to combine those seeds with water, light, air, and nutrients to grow plants comprising corn event DAS-59122.

12. Whether a PTA-11384 seed is a component of a plant grown from that seed.

13. Whether a cell from a PTA-11384 seed is a component of a plant grown from that seed.

14. Whether an organelle from a PTA-11384 seed is a component of a plant grown from that seed.

15. Whether DNA from a PTA-11384 seed is a component of a plant grown from that seed.

16. Whether corn event DAS-59122 from a PTA-11384 seed is a component of a plant grown from that seed.

**C. Infringement of the ’522 Patent**

**1. Infringement Under 35 U.S.C. § 271(b)**

17. Whether Inari infringed claims 1 and 12-13 of the ’522 patent under 35 U.S.C. § 271(b) by inducing ATCC to sell or otherwise transfer, without authority, PTA-11336 seeds comprising soy event DAS-44406 (including the *aad-12* gene) to Inari for commercial use, with knowledge of the ’522 patent and with knowledge that such sale or transfer would infringe the ’522 patent.

**2. Infringement Under 35 U.S.C. § 271(f)(2)**

18. Whether Inari infringed claim 2 of the ’522 patent under 35 U.S.C. § 271(f)(2) by, without authority, exporting or causing to be exported from the United States to Belgium PTA-11336 seeds with the intent to combine those seeds with water, light, air, and nutrients to grow plants comprising soy event DAS-44406 (including the *aad-12* gene).

19. Whether a PTA-11336 seed is a component of a plant grown from that seed.

20. Whether a cell from a PTA-11336 seed is a component of a plant grown from that seed.

21. Whether an organelle from a PTA-11336 seed is a component of a plant grown from that seed.

22. Whether DNA from a PTA-11336 seed is a component of a plant grown from that seed.

23. Whether soy event DAS-44406 from a PTA-11336 seed is a component of a plant grown from that seed.

24. Whether the *aad-12* gene from a PTA-11336 seed is a component of a plant grown from that seed.

**D. Infringement of the ’363 Patent and ’441 Patent**

**1. Infringement Under 35 U.S.C. § 271(b)**

25. Whether Inari infringed claim 8 of the ’363 patent under 35 U.S.C. § 271(b) by inducing ATCC to sell or otherwise transfer, without authority, PTA-12006 seeds comprising soy event DAS-81419 to Inari for commercial use, with knowledge of the ’363 patent and with knowledge that such sale or transfer would infringe the ’363 patent.

26. Whether Inari infringed claim 1 of the ’441 patent under 35 U.S.C. § 271(b) by inducing ATCC to sell or otherwise transfer, without authority, PTA-12006 seeds comprising soy event DAS-81419 to Inari for commercial use, with knowledge of the ’441 patent and with knowledge that such sale or transfer would infringe the ’441 patent.

**2. Infringement Under 35 U.S.C. § 271(f)(2)**

27. Whether Inari infringed claims 7 and 9 of the ’363 patent under 35 U.S.C. § 271(f)(2) by, without authority, exporting or causing to be exported from the United States to Belgium PTA-12006 seeds with the intent to combine those seeds with water, light, air, and nutrients to grow plants comprising soy event DAS-81419.

28. Whether a PTA-12006 seed is a component of a plant grown from that seed.

29. Whether a cell from a PTA-12006 seed is a component of a plant grown from that seed.

30. Whether an organelle from a PTA-12006 seed is a component of a plant grown from that seed.

31. Whether DNA from a PTA-12006 seed is a component of a plant grown from that seed.

32. Whether soy event DAS-81419 from a PTA-12006 seed is a component of a plant grown from that seed.

**E. Willful Infringement**

33. Whether Inari's infringement of the '434, '246, '522, '363, and/or '441 patent was deliberate or intentional under 35 U.S.C. § 284.

**F. Exhaustion**

34. Whether Inari has presented a preponderance of the evidence that Corteva's rights in the seeds designated PTA-11506, PTA-11384, PTA-11336, and PTA-12006 that Inari obtained from ATCC are exhausted.

**G. Marking**

35. Whether Corteva has satisfied the marking requirements of 35 U.S.C. § 287 with respect to the Asserted Patents in this case.

## II. PATENT VALIDITY

**A. Validity of the '434 Patent**

36. Whether Inari has presented clear and convincing evidence that the claims of the '434 patent are invalid under 35 U.S.C. § 112 because Corteva did not authorize access to seeds deposited as PTA-11506 for commercial use.

37. Whether Inari has presented clear and convincing evidence that the claims of the '434 patent are invalid under 35 U.S.C. § 103 because the invention would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

38. Whether Inari has presented clear and convincing evidence that a person of ordinary skill in the art would have been motivated to combine Inari's cited references to arrive at the claimed invention of the '434 patent with a reasonable expectation of success.

39. Whether objective indicia of non-obviousness, including at least copying by others, unexpected results, commercial success, skepticism by others, failure of others, industry praise, and/or long-felt need, support the non-obviousness of the claims of the ’434 patent.

40. Whether there is a nexus between the claims of the ’434 patent and objective indicia of non-obviousness relating to Corteva’s Qrome® product line.

**B. Validity of the ’246 Patent**

41. Whether Inari has presented clear and convincing evidence that the claims of the ’246 patent are invalid under 35 U.S.C. § 112 because Corteva did not authorize access to seeds deposited as PTA-11384 for commercial use.

42. Whether Inari has presented clear and convincing evidence that claims 1, 3, and 6 of the ’246 patent are invalid under 35 U.S.C. § 112 because the specification failed to contain a written description of the invention.

43. Whether Inari has presented clear and convincing evidence that claims 1, 3, and 6 of the ’246 patent are invalid under 35 U.S.C. § 112 because the specification failed to enable any person skilled in the art to which it pertains to make and use the invention.

44. Whether Inari has presented clear and convincing evidence that the claims of the ’246 patent are invalid under 35 U.S.C. § 103 because the invention would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

45. Whether Inari has presented clear and convincing evidence that a person of ordinary skill in the art would have been motivated to combine Inari’s cited references to arrive at the claimed invention of the ’246 patent with a reasonable expectation of success.

46. Whether objective indicia of non-obviousness, including at least copying by others, unexpected results, commercial success, skepticism by others, failure of others, industry praise, and/or long-felt need, support the non-obviousness of the claims of the ’246 patent.

47. Whether there is a nexus between the claims of the ’246 patent and objective indicia of non-obviousness relating to Corteva’s Herculex® product line.

**C. Validity of the ’522 Patent**

48. Whether Inari has presented clear and convincing evidence that claims 1-14 of the ’522 patent are invalid under 35 U.S.C. § 112 because the specification failed to contain a written description of the invention.

49. Whether Inari has presented clear and convincing evidence that claims 1-14 of the ’522 patent are invalid under 35 U.S.C. § 112 because the specification failed to enable any person skilled in the art to which it pertains to make and use the invention.

50. Whether Inari has presented clear and convincing evidence that the claims of the ’522 patent are invalid under 35 U.S.C. § 112 because Corteva did not deposit a seed.

51. Whether Inari has presented clear and convincing evidence that the claims of the ’522 patent are invalid under 35 U.S.C. § 103 because the invention would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

52. Whether Inari has presented clear and convincing evidence that a person of ordinary skill in the art would have been motivated to combine Inari’s cited references to arrive at the claimed invention of the ’522 patent with a reasonable expectation of success.

53. Whether objective indicia of non-obviousness, including at least copying by others, unexpected results, commercial success, skepticism by others, failure of others, industry praise, and/or long-felt need, support the non-obviousness of the claims of the ’522 patent.

54. Whether there is a nexus between the claims of the ’522 patent and objective indicia of non-obviousness relating to Corteva’s Enlist® product line.

**D. Validity of the ’363 Patent**

55. Whether Inari has presented clear and convincing evidence that the claims of the ’363 patent are invalid under 35 U.S.C. § 112 because Corteva did not authorize access to seeds deposited as PTA-12006 for commercial use.

56. Whether Inari has presented clear and convincing evidence that claims 1-4 and 6 of the ’363 patent are invalid for obviousness-type double patenting in view of claims 1-4 and 7 of U.S. Patent No. 9,738,904.

57. Whether Inari has presented clear and convincing evidence that the claims of the ’363 patent are invalid under 35 U.S.C. § 103 because the invention would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

58. Whether Inari has presented clear and convincing evidence that a person of ordinary skill in the art would have been motivated to combine Inari’s cited references to arrive at the claimed invention of the ’363 patent with a reasonable expectation of success.

59. Whether objective indicia of non-obviousness, including at least copying by others, unexpected results, commercial success, skepticism by others, failure of others, industry praise, and/or long-felt need, support the non-obviousness of the claims of the ’363 patent.

60. Whether there is a nexus between the claims of the ’363 patent and objective indicia of non-obviousness relating to Corteva’s Conkesta® product line.

**E. Validity of the ’441 Patent**

61. Whether Inari has presented clear and convincing evidence that the claims of the ’441 patent are invalid under 35 U.S.C. § 112 because Corteva did not authorize access to seeds deposited as PTA-12006 for commercial use.

62. Whether Inari has presented clear and convincing evidence that claim 2 of the ’441 patent is invalid for obviousness-type double patenting in view of claim 9 of the ’363 patent.

63. Whether Inari has presented clear and convincing evidence that the claims of the ’441 patent are invalid under 35 U.S.C. § 103 because the invention would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

64. Whether Inari has presented clear and convincing evidence that a person of ordinary skill in the art would have been motivated to combine Inari’s cited references to arrive at the claimed inventions of the ’441 patent with a reasonable expectation of success.

65. Whether objective indicia of non-obviousness, including at least copying by others, unexpected results, commercial success, skepticism by others, failure of others, industry praise, and/or long-felt need, support the non-obviousness of the claims of the ’441 patent.

66. Whether there is a nexus between the claims of the ’441 patent and objective indicia of non-obviousness relating to Corteva’s Conkesta® product line.

**F. Invalidity of the ’378 Patent**

67. Whether Inari has presented clear and convincing evidence that the claims of the ’378 patent are invalid because the specification failed to enable any person skilled in the art to which it pertains to make and use the invention.

## III. PVP CERTIFICATE INFRINGEMENT

68. Whether Inari infringed Corteva's PVP certificates listed in Appendix A under 7 U.S.C. § 2541 by obtaining Corteva's deposited seeds covered by PVP certificates from ATCC and, without authority, exporting them or having them exported to Belgium.

69. Whether Inari infringed Corteva's PVP certificates listed in Appendix B under 7 U.S.C. § 2541 by obtaining Corteva's deposited seeds covered by PVP certificates from ATCC and, without authority, exporting them or having them exported to Chile.

70. Whether Inari has presented a preponderance of the evidence that Corteva's rights in the seeds for the PVP certificates listed in Appendices A and B that Inari obtained from ATCC are exhausted.

## IV. PVP CERTIFICATE VALIDITY

71. Whether Inari has presented clear and convincing evidence that Corteva authorized the sale and disposition of harvested material covered by the PVP certificates listed in Appendices A and B more than one year before the filing of the PVP applications.

72. Whether harvested material covered by the PVP certificates listed in Appendices A and B sold or disposed of more than one year before the filing of the PVP applications, if any, was produced as a result of experimentation or testing of a variety to ascertain the characteristics of the variety.

## V. BREACH OF MATERIAL TRANSFER AGREEMENTS

73. Whether Corteva is a third-party beneficiary of the MTAs between Inari and ATCC.

74. Whether Inari has made commercial use of seeds designated PTA-11506, PTA-11384, PTA-11336, and PTA-12006 that Inari obtained from ATCC.

75. Whether Inari has made commercial use of the seeds listed in Appendix A and Appendix B that Inari obtained from ATCC.

76. Whether Inari violated anti-transfer provisions of the MTAs with seeds designated PTA-11506, PTA-11384, PTA-11336, and PTA-12006 that Inari obtained from ATCC.

77. Whether Inari violated anti-transfer provisions of the MTAs with the seeds listed in Appendix A and Appendix B that Inari obtained from ATCC.

78. Whether Inari breached any of the MTAs.

## VI. VIOLATION OF MASSACHUSETTS GENERAL LAW CH. 93A

79. Whether Inari was engaged in "trade or commerce" at the time of the alleged conduct.

80. Whether Inari's acts or trade practices were unfair or deceptive.

81. Whether Inari's unfair or deceptive acts or trade practices were knowing or willful.

## VII. CONVERSION

82. Whether Inari exercised dominion or control over Corteva's seeds listed in Appendix A and Appendix B.

83. Whether Inari exercised dominion or control over Corteva's seeds designated as PTA-11506, PTA-11384, PTA-11336, and PTA-12006.

84. Whether Inari's exercise of control over Corteva's seeds listed in Appendix A and Appendix B and seeds designated PTA-11506, PTA-11384, PTA-11336, and PTA-12006 was unauthorized and without Corteva's consent.

## VIII. REMEDIES

85. The amount of reasonable royalty damages that Corteva has proven by a preponderance of the evidence that it should be awarded due to Inari's infringement of the '434, '246, '522, '363, and/or '441 patent.

86. Whether Inari's breach of the MTAs caused damage to Corteva.

87. The amount of damages that Corteva has proven by a preponderance of the evidence that it should be awarded due to Inari's breach of the MTAs.

88. Whether Corteva is entitled to injunctive relief with respect to Inari's infringement of the '434, '246, '522, '363, and/or '441 patent.

89. Whether Corteva faces a risk of irreparable harm as a result of Inari's infringement; whether money damages are insufficient to remedy that irreparable harm; whether the balance of harms tips towards Corteva; and whether the public interest favors Corteva.

90. Whether Corteva is entitled to specific performance of the MTAs.

91. Whether Corteva is entitled to injunctive relief with respect to the MTAs.

92. Whether Inari's unfair or deceptive acts or practices caused Corteva to lose money or property.

93. The amount of damages that Corteva has proven by a preponderance of the evidence that it should be awarded due to Inari's violation of Massachusetts General Law Ch. 93A.

94. Whether Corteva's damages for Inari's knowing or willful violation of Massachusetts General Law Ch. 93A should be enhanced by up to three, but not less than two, times Corteva's damages.

95. Whether Corteva is entitled to injunctive relief due to Inari's infringement of Corteva's PVP certificates listed in Appendices A and B to the Pretrial Order.

96. Whether Inari's infringement of Corteva's PVP certificates listed in Appendices A and B was exceptional such that Corteva is entitled to attorney fees pursuant to 7 U.S.C. § 2565.

97. Whether Corteva is entitled to injunctive relief for Inari's conversion.

98. Whether Corteva is entitled to costs, and if so, the dollar amount of such costs.

99. Whether Corteva is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

100. Whether Inari's infringement of the '434, '246, '522, '363, and/or '441 patent was willful such that Corteva should be awarded enhanced damages pursuant to 35 U.S.C. § 284.

## IX. INARI'S CLAIMS OF ESTOPPEL

101. Whether Inari has proven by a preponderance of the evidence that Corteva is estopped from asserting that Inari infringed Corteva's seeds designated PTA-11506, PTA-11384, PTA-11336, and PTA-12006 and Corteva's seeds listed in Appendices A and B.

## X. INARI'S DAMAGES

102. Whether Inari has met its burden of showing that it is entitled to attorney fees.

103. Whether Inari has met its burden of showing that it is entitled to costs.