**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CORTEVA AGRISCIENCE LLC, PIONEER HI-BRED INTERNATIONAL, INC., and AGRIGENETICS, INC.,<br>Plaintiffs,<br><br>v.<br><br>INARI AGRICULTURE, INC. and INARI AGRICULTURE NV,<br><br>Defendants. | C.A. No. 23-1059 (JFM) |

# <u>JOINT PRELIMINARY JURY INSTRUCTIONS</u>

# TABLE OF CONTENTS

Page


I. INTRODUCTION AND ROLE OF THE JURY ..... 1

II. OVERVIEW OF THE CASE ..... 2

III. CONDUCT OF THE JURY ..... 3

IV. CONFERENCES AND RECESSES ..... 5

V. EVIDENCE ..... 6

VI. DIRECT AND CIRCUMSTANTIAL EVIDENCE ..... 8

VII. WITNESSES ..... 9

VIII. EXPERT TESTIMONY ..... 10

IX. DEPOSITION TESTIMONY ..... 11

X. ADMITTED OR STIPULATED FACTS ..... 12

XI. DEMONSTRATIVES ..... 13

XII. JURY QUESTIONS FOR WITNESSES ..... 14

XIII. NOTE-TAKING ..... 15

XIV. BURDEN OF PROOF ..... 17

XV. COURSE OF THE TRIAL ..... 19

## I. INTRODUCTION AND ROLE OF THE JURY[1]

Members of the jury:

Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You, and only you, will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

It is important that you perform your duties fairly. Do not let any bias, sympathy, or prejudice influence your decision in any way. Nothing I may say or do during the course of the trial is intended to indicate what your verdict should be.[2]

[1] Preliminary Jury Instruction at 1, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.1.

[2] Final Jury Instruction at 54, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 540 (D. Del. Dec. 12, 2024); Preliminary Jury Instructions at 1, *Harbour Antibodies BV v. Teneobio, Inc.*, No. 21-cv-1807-MN, Dkt. 595 (D. Del. July 5, 2026); Preliminary Jury Instructions at 4, *Express Mobile, Inc. v. GoDaddy.com, LLC*, No. 19-cv-1937-MFK, Dkt. 465 (D. Del. Nov. 3, 2025).

## II. OVERVIEW OF THE CASE[3]

In this case, Corteva alleges that Inari infringed certain claims of Corteva's patents and owes damages in the form of a reasonable royalty for that infringement. Corteva contends that Inari's infringement was willful. Corteva also alleges that Inari infringed certain plant variety protection certificates. Corteva also alleges Inari breached a contract, converted Corteva's property, and willfully engaged in unfair business practices. Corteva claims that Inari owes money damages for the breach of contract, conversion, and unfair business practice.

Inari denies all of Corteva's allegations and denies that it owes any damages for any of Corteva's claims. In response to Corteva's claims, Inari also contends that some of Corteva's patent claims and all of the asserted plant variety protection certificates are invalid.

As I just mentioned, this case involves patents, which is an area unfamiliar to many people. To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

[PLAY VIDEO]

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

[3] Preliminary Jury Instruction at 2, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.2.

## III. CONDUCT OF THE JURY[4]

Now a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retire to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, Instagram, X, Reddit, YouTube, TikTok, or Snapchat. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there is a newspaper or internet article, or television or radio report

---

[4] Preliminary Jury Instruction at 3-4, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.3.

relating to this case, do not read the article, or watch or listen to the report.

In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, or use any other electronic tools (including AI) to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims, defenses, and counterclaims until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

## IV. CONFERENCES AND RECESSES[5]

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to leave the courtroom for a break.

I may not always grant a lawyer's request for conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

---

[5] Preliminary Jury Instruction at 5, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.4.

## V. EVIDENCE[6]

The evidence from which you are to find the facts consists of the following:

- The testimony of the witnesses;
- Documents and other things received as exhibits;
- Any facts that are stipulated—that is, formally agreed to by the parties; and
- Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

- Statements, arguments, and questions of the lawyers for the parties in this case;
- Objections by lawyers;
- Any testimony or evidence I tell you to disregard; and
- Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is

[6] Preliminary Jury Instruction at 6-7, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.5.

requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

## VI. DIRECT AND CIRCUMSTANTIAL EVIDENCE[7]

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched, heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

[7] Preliminary Jury Instruction at 8, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.6, Option 2.

## VII. WITNESSES[8]

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says, only part of it, or none of it. In deciding what to believe, you may consider a number of factors, including the following:

- the opportunity and ability of the witness to see or hear or know the things the witness testifies to;
- the quality of the witness's understanding and memory;
- the witness's manner while testifying;
- whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;
- whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
- how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and
- any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were and how much weight you think their testimony deserves.

[8] Preliminary Jury Instruction at 9, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.7.

## VIII. EXPERT TESTIMONY[9]

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

During this trial, you will hear testimony from several expert witnesses. Because of their knowledge, skill, experience, training, or education in their fields, they will be permitted to offer opinions in those fields and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case. In weighing this opinion testimony you may consider the witness's qualifications, the reasons for the witness's opinions, and the reliability of the information supporting the witness's opinions, as well as the other factors I will discuss in my final instructions for weighing the testimony of witnesses. You may disregard the opinions entirely if you decide that the opinions are not based on sufficient knowledge, skill, experience, training, or education. You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

[9] Preliminary Jury Instruction at 10, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 2.09.

## IX. DEPOSITION TESTIMONY[10]

I will now talk about the form of some of the evidence you will hear during trial. You may hear witnesses testify through deposition testimony. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers. The deposition may also be recorded on videotape. The deposition testimony may have been edited or cut to exclude irrelevant testimony as the parties have only a limited amount of time to present you with the evidence. You should not attribute any significance to the fact that the deposition videos may appear to have been edited.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify live at trial.

[10] Preliminary Jury Instruction at 11, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024).

## X. **ADMITTED OR STIPULATED FACTS**[11]

The parties have agreed (or stipulated) that certain facts are true, and those facts may be read to you during trial. You must treat these admitted (stipulated) facts as having been proven for purposes of this case.

[11] Preliminary Jury Instruction at 12, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024).

## XI. DEMONSTRATIVES[12]

Certain models, reproductions, charts, summaries, and the like may be shown to you in order to help explain or illustrate the facts disclosed by the documents, testimony, books, records, or other underlying evidence in the case. Those models, reproductions, charts, summaries, and the like are called "demonstratives" and are used for convenience. They are not themselves evidence or proof of any facts. If a demonstrative does not correctly reflect the facts shown by the evidence in this case, you should disregard it and determine the facts from the documents, testimony, or other underlying evidence. Demonstratives are not admitted into evidence and should not be considered as evidence unless I tell you otherwise.

[12] Preliminary Jury Instruction at 13, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024).

## XII. JURY QUESTIONS FOR WITNESSES[13]

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

[13] Preliminary Jury Instruction at 14, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.8, Option 1.

## XIII. NOTE-TAKING[14]

You have each been provided with a notebook and a pen. Inside your notebook, you will find paper copies of Corteva's U.S. Patent Nos. 8,575,434 (the "'434 patent"), 7,956,246 (the "'246 patent"), 8,283,522 (the "'522 patent"), 8,680,363 (the "'363 patent") and 9,695,441 (the "'441 patent"); a list of the meanings of certain terms in the claims of those patents; a glossary of terms you may hear in this case; a list of the asserted PVP certificates; and an exemplary PVP certificate.

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. Remember that your notes are for your own personal use – they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1. Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2. Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing your memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each

[14] Preliminary Jury Instruction at 15-16, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.9, Option 1.

person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.

As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4. Do not take your notes away from court. If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

## XIV. BURDEN OF PROOF[15]

Next I am going to tell you a little bit about the burden of proof in this case. It is a bit complicated because each side here is endeavoring to prove different things to you, and there are two different burdens of proof. I will revisit all of this in the final instructions as well. But for now I just want to outline it, and tell you about these two different burdens, which are called preponderance of the evidence and clear and convincing evidence.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

Again, this is a civil case. Corteva is the party that brought this lawsuit. Inari is the party against which the lawsuit was filed. But Inari has defenses against the claims filed by Corteva, and it has filed claims against Corteva in response to Corteva's claims, which are called counterclaims.

I'll now explain the preponderance standard.

Corteva has the burden of proving its infringement, willfulness, breach of contract, conversion, and unfair business practices claims by what is called the preponderance of the evidence. That means Corteva has to prove to you, in light of all the evidence, that what it claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Corteva and the evidence favorable to Inari on opposite sides of the scales, Corteva would have to make the scales tip somewhat on its side. If Corteva fails to meet this burden, the verdict must be for Inari on that claim. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

As I mentioned, Inari has defenses and counterclaims. Some of Inari's defenses also

[15] Preliminary Jury Instruction at 17, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024); Third Circuit, General Instructions for Civil Cases, Preliminary Instruction 1.10.

require proof by a preponderance of the evidence. A defense is proven by a preponderance of the evidence if you find, after considering all evidence in the case, that the party asserting the defense has succeeded in proving that the required facts are more likely so than not so.

Other of Inari's defenses and counterclaims have a different burden of proof, called clear and convincing evidence.

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard. But it does not require proof beyond a reasonable doubt, the standard applied in criminal cases.

The law presumes that patent claims and PVP certificates are valid, and that the Patent Office or Department of Agriculture acted correctly in issuing a patent or PVP certificate. Therefore, Inari has the burden of proving invalidity of Corteva patents and PVP certificates by clear and convincing evidence.

I will remind you of which burden of proof applies to which claims, defenses, and counterclaims in the final jury instructions.

In determining whether any fact has been proved in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.

## XV. COURSE OF THE TRIAL[16]

The trial will proceed in the following manner:

First, attorney(s) for Corteva will make an opening statement to you. Next, attorney(s) for Inari will make an opening statement. What is said in the opening statements is not evidence but is simply an outline to help you understand what each party expects the evidence will show. A party is not required to make an opening statement.

Corteva goes first because Corteva has the initial burden of proof. Corteva will present live witnesses whom counsel for Inari may cross-examine, and Corteva may also present deposition testimony and evidence (which will include testimony Inari also wants to present from that witness).

Following Corteva's case, Inari may present evidence. Counsel for Corteva may cross-examine live witnesses Inari presents in its defense. After the parties' main case is presented, Corteva may be permitted to present what is called rebuttal evidence.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. After closing arguments you will retire to the jury room to deliberate on your verdict in this case.

As I mentioned before, this is a timed trial and is expected to take up to eight business days to present the evidence. We will hold trial from today, Wednesday, September 23, through Friday, October 2.

We will normally begin the day at 9:00 a.m., unless I tell you otherwise. We will go until around 12:30 p.m., when there will be a 45-minute break for lunch. We will continue to no later

---

[16] Preliminary Jury Instruction at 20-21, *Graco Inc. v. Carlisle Construction Materials, LLC*, No. 21-cv-245-JFM, Dkt. 522 (D. Del. Dec. 2, 2024).

than 5:00 p.m. Typically there will be a fifteen-minute break in the morning and another fifteen-minute break in the afternoon.

What I have just outlined is the general schedule. It is possible there will be some interruptions if I have to attend to other matters. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with this case by October 2.

Of course, you can help us stay on schedule by being here promptly each morning and being ready to proceed at the end of each break.