**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **CORTEVA AGRISCIENCE LLC, PIONEER HI-BRED INTERNATIONAL, INC., AGRIGENETICS, INC.** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 23-1059** |
| **INARI AGRICULTURE, INC., INARI AGRICULTURE NV** | : | |

# ORDER

**AND NOW**, this 22nd day of September 2026, upon considering defendants' motion for reconsideration of the court's rulings on exhaustion (DI 670) and defendants' response (DI 690), it is **ORDERED** that the motion for reconsideration (DI 670) is **DENIED**.

As an initial matter, Corteva persuasively argues that Inari does not meet the controlling standards for reconsideration.[1] We elect instead to deny Inari's motion based on its underlying merits. Inari argues that "[e]xhaustion does not require a sale." D.I. 670 at 3-4. That is of course true. Exhaustion occurs when a patentee unconditionally parts with ownership, deliberately relinquishing its right to exclude with respect to a particular article in order "to secure its reward." *LifeScan Scotland, Ltd. v. Shasta Techs., LLC*, 734 F.3d 1361, 1375 (Fed.

[1] Despite its motion being styled as a motion for reconsideration, Inari fails to demonstrate that at least one of the following grounds is present here: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018) (quoting *United States ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–89 (3d Cir. 2014)); DI 690 at 1-4. Inari complied with the first half of our invitation — "to promptly move for reconsideration"— verbatim, while simultaneously ignoring the second half's warning that identifying a proper basis for reconsideration is necessary — "if [Inari] has a proper basis for doing so." As Corteva points out, we could deny the motion for that reason alone.

Cir. 2013). Inari further argues that exhaustion is triggered here even though title to Corteva's seeds never passed from Corteva to ATCC (unlike in *LifeScan*, where title passed). The Federal Circuit has extended exhaustion to gifts in hope of future benefit, but not to a situation where title does not pass at all. *Id*. Nor will we. Inari next argues that exhaustion arises because Corteva "authorized" ATCC to furnish seeds to Inari. DI 670 at 4-5. At best, Inari's argument is putting an exhaustion label on the same dispute that we have sent to trial — did Inari's conduct exceed what it was entitled to do. We doubt that exhaustion is the right label,[2] but in any event, no additional jury instructions are necessary to allow the jury to decide the underlying factual question about the nature of Inari's conduct.

Finally, Inari argues that we should put to the jury the question of whether Inari became the owner of Corteva's seeds by acquiring them from ATCC. DI 670 at 5-7. The agreements between Corteva/ATCC and ATCC/Inari foreclose the result Inari seeks. As Corteva explains, no reasonable jury could agree that Inari took title to the seeds through ATCC. We agree with and adopt Corteva's arguments in opposition. *See* DI 690 at 5-9.

**JOHN F. MURPHY**
**USDJ, EDPA**

[2] The Supreme Court and the Federal Circuit do not look at exhaustion as a malleable effect that maps onto different types of authorizations, but rather as a uniform effect triggered by a uniform event of a sale or gift or equivalently definitive passing of ownership. In this way, exhaustion is distinguished from an implied license.